ERNEST CHARLES, PLAINTIFF, v. FISCHER BAKING COM-
PANY, A NEW JERSEY CORPORATION; JAMES F. MAC-
NEILL, IRENE L. RAINEAR, AND EVERETT L. JONES,
DEFENDANTS.

Decided December 20, 1935.

For the plaintiff, *Richard F. Green*.

For the defendant, *Reginald V. Spell* (*A. William Wann*,
on the brief).

OLIPHANT, C. C. J.   This matter comes before me sitting
as a Supreme Court commissioner on a motion to strike the
complaint as to the defendant Everett L. Jones.   Plaintiff,
a non-resident of New Jersey, instituted suit in the New
Jersey Supreme Court, Mercer county, and attempts to serve
the summons and complaint upon the defendant, also a non-
resident of the State of New Jersey, by means of chapter 69,
laws of 1930 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1048,
§§ 135-96a(1) *et seq.*), amended by the laws of 1933, chap-
ter 69 (*N. J. Stat. Annual* 1933, *p.* 264, § 135-96a(1), by
sending said summons and complaint to the commissioner
of motor vehicles.   This was done and the said commissioner
of motor vehicles forwarded a copy of said summons and
complaint to the said Jones, who lives in San Francisco,
California.   Thereupon, the said defendant, through his

attorney, entered a special appearance, and moves to vacate and set aside the attempted service on the ground that the act aforementioned as amended gives the right only to residents of the State of New Jersey to effectuate service thereunder, and, therefore, this plaintiff, being a non-resident of the State of New Jersey, cannot avail himself of the said statute.

Plaintiff admits the facts asserted by the defendant, but says that the act, or at least that part of the act, which says "in any civil suit or proceeding *by any resident of the State of New Jersey*" is unconstitutional under article IV, section II and the fourteenth amendment, section I; that the words "by any resident of the State of New Jersey" should therefore be deleted from the act and the provisions of the act apply to all citizens of the United States.

The constitutionality of the act in this regard has never been passed upon by the courts of this state.

The rule laid down in article IV, section II of the federal constitution is, for the purpose of the instant case, precisely the same as that found in the fourteenth amendment, section I. Those sections of the constitution read as follows:

ARTICLE IV. SECTION 2:

"The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several states. * * *"

FOURTEENTH AMENDMENT, SECTION 1:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In the case of *Corfield* v. *Coryell, 4 Wash. C. C.* 381, Mr. Justice Washington sets forth "what are the privileges and immunities of citizens in the several states?" The court said, "it felt no hesitation in confining these expressions to those privileges and immunities which are, in their nature

*fundamental;* which belong, of right, to the citizens of all free governments; and which have at all times, been enjoyed by the citizens of the several states which compose this union from the time of their becoming free, independent and sovereign. What these fundamental principles are, it would perhaps be more tedious than difficult to enumerate. They may, however, be all comprehended under the following general heads :"

One of these heads there set forth is "to institute and maintain actions of any kind in the courts of the state." This exposition of the law relating to the fourth section of the federal constitution has been relied upon consistently to this day, though the courts have said that in construing this provision of the constitution "the courts have manifested the disposition not to attempt to define the words but rather to leave their meaning to be determined in each case upon a view of the particular rights asserted or denied therein." 18 *How.* 593.

What the legislature has attempted to do in chapter 69, section 1, *Pamph. L.* 1930, *supra,* as amended by chapter 69, section 1, *Pamph. L.* 1933, *supra,* is to extend or grant a new mode of service of process *to residents of the state* against any chauffeur, operator or owner of a motor car, unlicensed in this state, using the roads of this state. The first and fourth sections of the act as amended read as follows:

"1. From and after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by the acceptance and the operation of such automobiles within the State of New Jersey, make and constitute the commissioner of motor vehicles of the State of New Jersey his, her, or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle,

arising out of or by reason of any accident or collision occurring within the state in which a motor vehicle operated by such chauffeur, or operator, or such owner is involved;"

Chapter 69, section 4, *Pamph. L.* 1930, *p.* 297:

"4. This act shall be construed to extend the right of service of process upon non-residents and shall not be construed as limiting any provision for the service of process now or hereafter existing."

It will be seen that the courts of this state are not closed to non-residents in instituting or maintaining suits against non-residents with respect to autmobile accidents occurring within the state. If service of process can be procured on the defendant within the state the action can be maintained. The institution of suit is the delivery of the complaint to the sheriff for the purpose of having him serve it. *County, Admx., et al.* v. *Pacific Coast Borax Co. et al.,* 68 *N. J. L.* 273; 53 *Atl. Rep.* 386. If that service can be made, the suit proceeds. The right to institute the suit is nowhere abridged by the act, and if service can be made, a non-resident has equal rights with a resident as to its maintenance.

As was said in *Canadian Northern Railway Co.* v. *Eggen,* 252 *U. S.* 553 (at *p.* 562): "The constitutional requirement is satisfied if the non-resident is given access to the courts of the state upon terms which in themselves are reasonable and adequate for the enforcing of any rights he may have, even though they may not be technically and precisely the same in extent as those accorded resident citizens." A person cannot be said to be denied, in a constitutional or rational sense, the privilege of resorting to courts to enforce his rights when he is given free access to them, even though service of process is made easier and more sure for a resident than for a non-resident.

Fortunately the decision of the question here presented does not rest so much upon whether, as to the institution and maintenance of suits, a non-resident is denied a privilege accorded a resident, but upon the words themselves which are used in the statute. This phase of the matter has been touched upon by neither party in their briefs. These words are "by any *resident* of the State of New Jersey." No dis-

crimination is made on account of *citizenship*. It rests alone on residence in the state. "Citizenship and residence are not the same thing, nor does one include the other." *LaTourette* v. *McMaster,* 248 *U. S.* 465 (at *p.* 470) ; *Cummings* v. *Wingo,* 31 *So. Car.* 427. The provision of the statute makes no discrimination against citizens of another state as such. It does not deny to the citizens of another state any right to maintain an action in the courts of this state upon the same terms as a citizen of this state may do, because he is a *citizen* of another state. The statute relates only to residence, and not to citizenship, which are entirely different things and are not synonymous terms. *Grace* v. *Insurance Co.,* 109 *U. S.* 278. Paraphrasing the language set forth in Cummings *v.* Wingo, above cited; the service of process as provided in the act is denied to non-residents not because they are citizens of another state but only because they are not residents of this state. The right to use the provisions of the act would be denied as well to a citizen of this state, who was a non-resident at the time, as it would to a citizen of another state not residing here; and so conversely, if a citizen of another state is residing here at the time, he could make use of the provisions of the statute the same as a citizen of this state residing here.

The case of *Douglas* v. *New York, New Haven and Hartford Railroad Co.,* 279 *U. S.* 377, is dispositive of the case at bar. That was a suit under the New York Employers' Liability act for personal injuries. The act provided that "an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident in one of the following cases only: * * * (4) When a foreign corporation is doing business within this state." Laws of 1913, chapter 60; laws of 1920, chapter 916, section 47. The petitioner argued that the act made a discrimination between citizens of New York and citizens of other states. Mr. Justice Holmes speaking for the Supreme Court said: "However the word 'resident' may have been used as equivalent to citizen, and for whatever purposes residence may have been assumed to follow citizenship, there is nothing to prohibit the legislature from using 'resident' in the strict pri-

mary sense of one actually living in the place for the time, irrespective even of domicile. If that word in this statute must be so construed in order to uphold the act or even to avoid serious doubts of its constitutionality, we presume that the courts of New York would construe it in that way. * * * A distinction of privilege according to residence may be based upon rational considerations and has been upheld by this court emphasizing the difference between citizenship and residence. * * * There are manifest reasons for preferring residents in access to often overcrowded courts, both in convenience and in the fact that, broadly speaking, it is they who pay for maintaining the courts concerned."

For the within mentioned reasons, I am of the opinion that the statute in question violates in no way the provisions of the federal constitution, that the motion of the defendant to strike the complaint as to Everett L. Jones should be granted and an order may be presented in conformity therewith, striking out the complaint.