ESSEX COUNTY CIRCUIT COURT.

FRANK GENDER, PLAINTIFF, v. ROBERT LEE RAYBURN, DEFENDANT.

Decided October 20, 1937.

For the plaintiff, *Fast & Fast*.

For the defendant, *William P. Braun*.

SMITH, JOSEPH L., C. C. J.   This comes upon a special appearance of the defendant for the purpose of moving to vacate and set aside the attempted service of process.   The plaintiff and the defendant are both non-residents of the State of New Jersey, and were involved in an automobile accident in Somerset county, New Jersey.   The accident is alleged to have occurred July 22d, 1935.   Jurisdiction was acquired, or attempted to be acquired, by service of process upon the commissioner of motor vehicles of the State of New Jersey, pursuant to chapter 69 of the laws of 1930 (*Supp. Comp. Stat.* 1925-1930, § 135-96a(1)) as amended by chapter 69 of the laws of 1933 (*N. J. Stat. Annual* 1933, § 135-96a(1)), and chapter 143 of the laws of 1936.   *N. J. Stat. Annual* 1936, § 135-96a(1).

Prior to the amendment of 1936, the service of process upon a non-resident operator of an automobile, by service upon the commissioner of motor vehicles, was not available to a non-resident plaintiff.   The 1933 act confines this right to institute suit in the courts of New Jersey against a non-

resident operator of an automobile by service upon the commissioner of motor vehicles, to residents of the State of New Jersey only, and this was so declared in *Charles* v. *Fischer Baking Co.,* 14 *N. J. Mis. R.* 18; 182 *Atl. Rep.* 30; *affirmed,* 117 *N. J. L.* 115; 187 *Atl. Rep.* 175. It is therefore clear that the plaintiff's position would not have been tenable, prior to the 1936 amendment.

Under the 1936 amendment the right to sue a non-resident operator of an automobile in the State of New Jersey, by service of process upon the commissioner of motor vehicles, was extended, at least by implication, to non-resident plaintiffs, by omitting from the statute the words "resident of the State of New Jersey." The defendant contends that the accident in question having occurred prior to the 1936 amendment, the amendment is not available to the plaintiff. The point is well taken. The very principle of chapter 69 of the laws of 1933, *supra,* and its amendment, is that a non-resident operator of an automobile, by accepting the privilege of operating an automobile in the State of New Jersey, and over its highways, designates the commissioner of motor vehicles as his agent for the acceptance of process in any civil suit or proceeding by certain named plaintiffs. Under the 1933 act, the class of plaintiffs above referred to is limited to residents of the State of New Jersey. By the 1936 act, this class is intended to include non-resident plaintiffs; the amendment of 1936 does not merely go to the remedy or the means of enforcing the right. It extends the agency defined in the 1933 act. It changes the contractual relationship which the non-resident operator of an automobile is assumed to enter into, by accepting the privileges of the use of the highways of New Jersey. In the Fischer Baking Co. case, *supra,* the court held that to disregard the restriction of the statute to residents of the State of New Jersey as plaintiffs, would be to *substantially* alter the statute; that it would be a twisting of the statute beyond its intent. And so, in the present instance, to hold that the 1936 act may operate retroactively and thus hold that the defendant by operating his automobile in 1935 is now held to have made the commissioner of motor

vehicles his agent for the acceptance of process in a suit brought by a non-resident, when in fact at the time he was operating a car, under the statute then existing, he did not designate the commissioner of motor vehicles as such agent, would substantially alter the scope of the agency or the contractual relations originally imposed upon the defendant as of the time of the operation of the automobile.

In *Young* v. *Potter Title and Trust Co.*, 114 *N. J. L.* 561; 178 *Atl. Rep.* 177, Mr. Justice Case, delivering the opinion for the Supreme Court, held that the statute cannot be extended to include as defendants, personal representatives of the person operating the automobile, upon the ground that upon the death of the person operating the automobile the agency terminated. Mr. Justice Case further said (at *p.* 566):

"If the obligation upon Henry was contractual in its nature, then we must have some thought for the rules applicable to the construction of contracts. The question in one form or another has to be answered: What does the statute provide and to what did the non-resident assent? And this may be narrowed to an inquiry as to the statutory content because the non-resident assented only to that which is in the statute. In this study, we may reasonably expect that a legislative intent to change the settled law regarding suit against a non-resident executor will be adequately manifested."

To apply the 1936 act retroactively, would be not only to change the remedy for the enforcement of a right already granted, but would substantially alter the agency which a non-resident operator of a car in the State of New Jersey creates by such operation.

The service of process, therefore, attempted under and by virtue of the laws of 1936, is void and will be set aside.