## DEPPE v. GENERAL MOTORS CORPORATION.
### No. 6451.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1938.

Wm. P. Deppe in pro. per.

No appearance for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

PER CURIAM.

This is an appeal from a decree of the District Court denying the plaintiff's petition and motion to enforce a decree entered by the District Court on December 3, 1926.

The history of this case is as follows:

On September 18, 1924, the plaintiff brought suit in the District Court against the defendant for infringement of patents No. 1,335,665 and No. 1,360,098. The District Court filed an opinion on October 20, 1926 (15 F.2d 419) adjudging certain claims of the patents to be valid and infringed, and on December 3, 1926 issued an interlocutory decree in accordance with its opinion. The defendant appealed from that decree to this court. Holding that the claims in issue of the patents had not been infringed, we filed an opinion (21 F.2d 44) reversing the decree of the District Court, and on June 7, 1927, issued our mandate accordingly. This mandate was filed in the District Court on August 31, 1927.

The plaintiff filed a petition in the Supreme Court for a writ of certiorari, but this was denied on January 3, 1928. 275 U. S. 572, 48 S.Ct. 204, 72 L.Ed. 433. In accordance with the mandate of this court, the plaintiff paid the costs of the litigation, and on January 12, 1929, filed in the District Court a satisfaction of judgment signed by counsel for the defendant. The plaintiff petitioned this court for a rehearing which was denied on November 2, 1931. 52 F.2d 726.

After waiting four years and four months without taking any action, plaintiff on February 28, 1936, filed a rather vague petition in the District Court requesting it, to hold in abeyance the execution of its original decree of December 3, 1926, until he could secure appropriate action by the Supreme Court for which he had filed a brief the day before. On April 24, 1936, he filed a motion requesting the District Court to execute that decree which he claimed was still in "full force and effect", because of the defendant's failure to take what he described in his petition as the "required legal steps to put into execution the mandate, orders and decree of the Third Circuit Court of June 7, 1927". The District Court did not comply with his request, but on September 10, 1936, filed a memorandum opinion denying the relief sought, and on April 15, 1937, it denied his petition for reconsideration.

Believing himself to have been aggrieved by these rulings, the plaintiff appealed to this court.

In his appeal, the plaintiff seeks to reopen all of the issues settled by this court

in 1927. If we were to concede, which we do not, for the sake of argument that the appellant had some right to have the mandate modified in 1927, he has lost that right through laches. Ordinarily a motion to recall and modify a mandate can not be granted after the term in which it was issued has expired, or after the expiration of a further period allowed by rules of the court for rehearing. Hawkins v. Cleveland C., C. & St. L. R. Co., 7 Cir., 99 F. 322; Reynolds v. Manhattan Trust Co., 8 Cir., 109 F. 97; E. G. Staude Mfg. Co. v. Labombarde, 1 Cir., 247 F. 879. Both of these periods have long since passed.

In its opinion, the District Court assigned the following reasons for denying the relief sought:

"The records of this Court disclose that notwithstanding the failure to enter a decree in conformity with the mandate, the petitioner Deppe has obeyed the directions thereof in paying the costs assessed therein, and a satisfaction of judgment executed by the defendant corporation was filed in this Court on January 12, 1929.

"Without going into the power of this Court to deal with the records in this case after the passing of so many terms, I am of the opinion that the petitioner is charged with knowledge of the state of the record at the time he paid the costs and satisfaction thereof was entered, and he cannot now profit by the failure of the mere ministerial act of a trial judge to enter an order pursuant to the mandate.

"I have read petitioner's brief and the numerous exhibits submitted by him for my consideration and find nothing therein upon which a finding of fraud may now be predicated by this Court.

"Moreover, upon the filing of the mandate in this Court there was but one thing this Court could do, and that was to obey it in all of its directions. If it was not obeyed, it cannot now be ignored, and it is my opinion that the decision of the Circuit Court of Appeals and its decrees and mandate constitute the law of the case on the present state of the record.

"The relief sought by the petitioner is denied."

In so holding, the District Court did not err and the appeal is dismissed.