464

CAMDEN CITY DISTRICT COURT.

WILLIAM F. LEIBFRIED, PLAINTIFF, v. THOMAS S. RHODES, DEFENDANT.

Decided March 25, 1940.

For the plaintiff, *Horace G. Brown.*

For the defendant, *Samuel P. Orlando.*

SHEEHAN, D. C. J.   This matter comes before the court on a motion to strike the summons and state of demand on the ground that this court is without jurisdiction to entertain the cause of action therein set forth and concomitantly that there is no provision in the District Court act by which service under the agreed state of facts could be legally made. It was stipulated upon the oral argument and confirmed in the submitted memoranda that the plaintiff, William F. Leibfried, was at the time of the accident and at the time of the institution of suit a resident of Bywood, in the Commonwealth of Pennsylvania, and that the defendant, Thomas S. Rhodes, was at the time of the accident, and at the time service was effected through the Commissioner of Motor Vehicles of the State of New Jersey, a resident of the State of New York, and that the accident happened in Essex county, in the State of New Jersey.

To meet the issue thus presented, counsel for the plaintiff and defendant rely respectively upon the provisions of sections 39:7-2 and 2:32-34.1 of the Revised Statutes. The former is a section of the Motor Vehicle act and is a legislative enactment applying generally to causes of action started under its authority by service upon non-residents, in any

court of this state. The latter is by amendment of the laws of 1936, chapter 170, a specific and integral part of the law establishing and governing the authority and powers of District Courts in this state.

It will be noted that the Motor Vehicle act permits its privilege of service upon non-resident motor vehicle operators and owners to be exercised by non-resident plaintiffs who seek to sue in this state. This enlargement arises as a result of the interpretation given to the act by the Supreme Court in *Gender* v. *Rayburn,* 15 *N. J. Mis. R.* 704; 194 *Atl. Rep.* 441; *affirmed,* 119 *N. J. L.* 243; 195 *Atl. Rep.* 513.

If the wording of the District Court act pertaining to service of non-residents were identical in language or even the same in substance, this decision would be dispositive of the issue here presented, but it differs materially in that the limitation originally present in the Motor Vehicle act and now deleted (chapter 143, laws of 1936; *R. S.* 39:7-2) still prevails in the following very certain, unambiguous phrasing:

"Any chauffeur * * * shall * * * make and constitute the commissioner of motor vehicles of the state of New Jersey, his or their agent for the acceptance of process in any civil action or proceeding *by any resident of this state* * * *."

Therefore, the determining decision is *Charles* v. *Fischer Baking Co.,* 14 *N. J. Mis. R.* 18; 182 *Atl. Rep.* 30; *affirmed,* 117 *N. J. L.* 115; 187 *Atl. Rep.* 175, in which effect is given to the above italicized words as they then appeared in the Motor Vehicle act, by denying the privilege of substituted service to non-resident motor vehicle drivers and owners.

The interpretive problem thus settled there remains only for determination whether or not this court is controlled by the Motor Vehicle act or the District Court act. Obviously it is the latter which must control and until such time as the legislature operates upon the District Court act by a similar deletion, the benefits of service under the provisions of *R. S.* 2:32-34.1 and 34.2, subsections a to f (*N. J. S. A.* 2:32-34.1 and 2, subsections a to f), are limited to residents of the State of New Jersey.

The motion will be allowed and the summons and state of demand will be dismissed.