### DEPPE v. GENERAL MOTORS CORPORATION.

#### No. 6451.

Circuit Court of Appeals, Third Circuit.

Hearing on Petition for Reconsideration Jan. 8, 1942.

Decided Sept. 4, 1942

W. P. Deppe, of New York City, on his own behalf.

John Thomas Smith, of New York City, for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

By a decision dated October 20, 1926, the District Court of the United States for the District of New Jersey, by Judge Runyon, entered a decree for William P. Deppe and Deppe Motors Corporation against General Motors Corporation whereby the plaintiffs' patents Nos. 1,335,665 and 1,360,-098 for a method of preparing a dry homogeneous fuel mixture for combustion in a gasoline engine and for a superheater manifold, respectively, were held to be valid and infringed by General Motors Corporation. See 15 F.2d 419, 431. Judge Runyon held that Deppe's patents, one a process patent, the other an apparatus patent, involved a new principle and that there-

fore the patentee was "not to be limited to the exact apparatus shown and described, but is entitled to an interpretation of his claims broad enough to secure to him the real value of the contribution which he has made to the art".

Specifically the object of Deppe's invention as set forth by him was to dispense with wet mixture methods in introducing gas into the combustion chamber of internal combustion engines by preparing a superheated dry fuel. He stated, "The object of the present invention is to prepare a fuel mixture gas from liquid hydrocarbons mixed with air, preferably at high temperature, and thoroughly integrated to produce a substantially stable gas, which upon introduction into the cylinders of an internal combustion engine will remain in gaseous form." He also said that after the incoming gas had passed a throttle valve that he inserted a mechanical mixer of any suitable rotating type. This court held that the rotating mechanical mixer was an essential element of Deppe's invention and since General Motors Corporation did not make use of this device, that corporation had not infringed the patents. In this connection Judge Buffington said, 21 F.2d 44, 46: "Seeing, then, that the specification makes the mechanical rotating mixer an essential foundational step in his [Deppe's] process, and that no other process than one embodying such a mechanical rotating mixer is disclosed in the specification, and that this feature is embodied in his generic claim, we award him full protection for that which he disclosed, by giving him a monopoly which embodies inter alia this mechanical rotating mixer as a step in his process. Such being the nature of his disclosure, and the mechanical rotating mixer function being part of his claim, it follows that the third question, namely, Does the defendant make use of this process? must be answered in the negative."

The difference between the decision of the District Court and that of this court upon Deppe's patents may be summed up by saying that the District Court construed the patents broadly as if they were basic patents, and this court construed them narrowly as if they were mere improvements in a well established art. It is not encumbent upon us to state whether this court or the District Court was right or wrong in respective interpretations. Upon August 23, 1927, a petition for rehearing filed by Deppe and Deppe Motors Corporation, 21 F.2d 44, was denied by this court. A petition for certiorari was filed with the Supreme Court which denied it on January 3, 1928, 275 U.S. 572, 48 S.Ct. 204, 72 L.Ed. 433.

On May 25, 1931, Deppe and Deppe Motors Corporation filed a motion for leave to file a bill of review in the District Court of the United States for the District of New Jersey. The motion for leave to file a bill of review stated that the basis of the opinion of the District Court in favor of the petitioners was that the petitioners were pioneers in the field involved and their patents were basic patents entitled to a broad interpretation of their claims; that since the decision of this court reversing Judge Runyon and since the decision of the Supreme Court denying certiorari there had come for the first time to the knowledge of the petitioners new evidence of which the petitioners were unaware at the time of the trial in the district court because it was not then in existence and that this new evidence demonstrated conclusively that "* * * the particular form of mixing device used in the patents in suit purely for illustrative purposes is not essential to the method claimed in the patents." General Motors filed a brief in opposition and the motion was argued on May 26, 1931. Thereafter replies were filed by the respondent and the petitioners, and on September 25, 1931, this court filed an opinion in which it held that leave to file a bill of review should be denied because the after-discovered evidence was not such as would have affected the decision of the court on the issue before it. See 52 F.2d 726. On October 24, 1931, a petition for rehearing was filed. On November 2, 1931, an order denying petition for rehearing was entered by the court. Thereafter Deppe and Deppe Motors Corporation filed a petition to the Supreme Court for writ of certiorari and on March 14, 1932, the Supreme Court entered an order denying the petition for the writ. 285 U.S. 545, 52 S.Ct. 394, 76 L.Ed. 936.

On February 28, 1936, Deppe filed a petition in the District Court requesting it to hold in abeyance the execution of its original decree of December 3, 1926, until he could secure action in his favor by the Supreme Court. Deppe's position then seemed to be that the original decree of the District Court reversed by the mandate of this court was in full force and effect be-

cause the defendant allegedly had failed to take the "required legal steps to put into execution the mandate, orders and decree of the Third Circuit Court of June 7, 1927." On April 15, 1937, the District Court denied his request and he thereupon appealed again to this court. On August 12, 1938, after argument, this court affirmed the decision of the District Court, 98 F.2d 813, 815, stating: "If we were to concede, which we do not, for the sake of argument that the appellant had some right to have the mandate modified in 1927, he has lost that right through laches." On September 7, 1938, the plaintiff filed a petition for reconsideration and on September 19, 1938, this court entered an order denying that petition. Thereafter the plaintiff filed a petition for certiorari to the Supreme Court, which was denied on January 30, 1939. See 306 U.S. 633, 59 S.Ct. 462, 83 L.Ed. 1035. Rehearing on the petition was denied by the Supreme Court on February 27, 1939. See 306 U.S. 668, 59 S.Ct. 581, 83 L.Ed. 1063. Deppe then filed a petition to reopen which was denied May 1, 1939. See 307 U.S. 611, 59 S.Ct. 821, 83 L.Ed. 1494. Another petition filed by Deppe was stricken from the files as scandalous. See 307 U.S. 612, 59 S.Ct. 832, 83 L.Ed. 1495.

On June 24, 1941, Deppe filed a motion to review the decision of this court of August 12, 1938, and for other relief. This was heard on July 7, 1941. The entire record and all briefs and decisions were carefully considered and on October 9, 1941 this court entered an order denying the petition to revoke the decision of August 12, 1938. On October 22, 1941, the plaintiff filed a petition for reconsideration of the ruling of this court of October 9, 1941. On December 5, 1941, an order was entered denying the petition for reconsideration. On December 17, 1941, the plaintiff filed a petition for reconsideration of the orders of this court of October 9, 1941, and December 5, 1941. On January 8, 1942, this court designated a special day for the hearing of the plaintiff's cause, directed counsel for General Motors Corporation to be present and devoted the day to the cause and heard the arguments of the plaintiff in extenso.

Throughout the first years of this protracted litigation Deppe and Deppe Motors Corporation were represented by able counsel. In the last years of the litigation Deppe has appeared pro se. The plaintiffs in the original petition for rehearing and in the petition for leave to file a bill of review insisted that Judge Runyon was right and that the opinion of this court was wrong. This is a not unusual attitude upon the part of a defeated litigant and one which we are very far from criticising. Imperceptibly, however, as time passed and with it the plaintiffs' counsel, an attitude of mistrust became manifest in Deppe's moving papers. This has been followed by innuendos of misconduct on the part of the judges of this court including one who served as its presiding judge for many years. These attacks culminated in this court in the paper now before us. This petition charges that members of this court acted in collusion with General Motors Corporation to defraud the plaintiffs. In effect it warns the members of this court not to sustain the previous decisions of this court. It charges that Judge Maris and the writer of this opinion "* * * have deliberately and completely ignored the admitted * * * fraud * * *." of General Motors. The petition seeks also to have this court now reexamine the issues which were disposed of by its opinion of June 7, 1927, and at the end of fifteen years to reverse the considered judgment of this tribunal.

 We have examined the record of this case from the time the citation was filed in this court on December 30, 1926, until the present time. We have read the opinion of Judge Runyon with great care, as well as the opinions of this court. We have examined the pleadings and testimony, and the exhibits as contained in the printed volumes of the record. We have read again the petitions for rehearing, the petition for leave to file a bill of review and all the papers which Deppe Motors Corporation and Deppe have filed throughout the entire course of this litigation. As we have stated it is not necessary for us to determine whether Judge Runyon was right or wrong in his opinion or whether this court was right or wrong in reversing Judge Runyon. We can say and do say that there is not the slightest evidence of fraud or collusion as asserted by Deppe. The gravamen of his charge of fraud consists of nothing more than this: that his cause and the cause of his corporation were and are so clear and his right of action and that of his corporation to relief are so plain and positive that any judge or any group of judges who cannot see this and will not enforce those rights are of

necessity committing a fraud. Deppe also makes much of the failure of General Motors Corporation to answer his scandalous assertions, arguing therefrom that the respondent has admitted the fraud that he alleges and that this court has failed to act in the face of these admissions. These assertions are preposterous. The law does not require a respondent to answer the scandalous assertions of a petition filed out of time without leave of court under penalty of having his failure to do so treated as an admission of such averments. The question of the infringement of Deppe's patents is one upon which reasonable men can differ in opinion and differences of opinion on this subject could continue indefinitely. Obviously, only one side could prevail in the suit which the plaintiffs brought. A litigant is entitled to the honest, unbiased judgment of the judges of those courts before whom his case comes. He is entitled to full hearing and to full argument in order that the merits of his side of the controversy may be established. When the litigant has had this, he has had what he is entitled to. Deppe and Deppe Motors Corporation have had their day in court. They are entitled to and will have nothing more. The charges which the petitioner makes indicate a high degree of irresponsibility upon his part. We will tolerate them no longer.

The petition will be stricken from the records of this court as scandalous.