139 N.J. Super. 330 (1976)
353 A.2d 570
STATE IN THE INTEREST OF D.H., J.P. AND E.R., JUVENILES.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Bergen County.
January 29, 1976.
*331 Mr. Nathan Beck for applicant (Messrs. Davis, Roth & Beck, attorneys).
Mr. Matthew J. Catania, Assistant Public Defender for D.H., juvenile (Mr. Stanley Van Ness, Public Defender, attorney).
Mr. Frank Piscatella for J.P., juvenile.
*332 Mr. James A. Breslin, Jr. attorney for E.R., juvenile.
DI GISI, P.J.J.D.R.C.
The within application involves three juveniles who had similar complaints filed against them alleging juvenile delinquency resulting in extensive fire damage to property of the Township of Lyndhurst. The applicant is the subrogee of the township. It seeks an order requiring the police to release to it a copy of the police report so that the juveniles can be identified for the purpose of determining the feasibility of instituting a civil suit. In addition thereto it also seeks a transcript of the court proceedings and copies of any and all social reports.
Normally, a victim of an act of juvenile delinquency knows the identity of the juvenile by appearing in court or by means other than a release of information as requested herein. In the case at hand the alleged victim is a municipality and it has taken the position that it is prohibited from releasing this information by N.J.S.A. 2A:4-65, which states in part:
a. Social, medical, psychological, legal and other records of the court and probation department, and records of law enforcement agencies, pertaining to juveniles charged under this act, shall be strictly safeguarded from public inspection.
The statute then sets forth the persons or agencies entitled to said records. N.J.S.A. 2A:4-65(a) (6) provides:
(6) Any person or agency interested in a case or in the work of the agency keeping the records, by order of the court for good cause shown.
The applicant argues that it is entitled to a release of the requested information so that it may institute a civil action if it so decides. It further argues that if the identities of the juveniles are not disclosed it shall be deprived of its constitutional right to pursue its civil remedy. The juveniles maintain that N.J.S.A. 2A:4-65 prohibits the release *333 of the requested information and that to do so would be detrimental to their welfare.
The confidentiality of a juvenile proceeding is not absolute. In Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 2d 347 (1974), the Supreme Court stated, "In this setting we conclude that the right of confrontation is paramount to the State's policy of protecting a juvenile offender." In Davis the state had obtained a protective order preventing any reference to the record of a juvenile witness. The state argued that exposure of the record would likely cause impairment of rehabilitative goals of the juvenile correctional procedures.
State in Interest of A.S., 130 N.J. Super. 388, (J.D.R.C. 1974), and State v. Brown, 132 N.J. Super. 584, (Law Div. 1975), both permitted the use of a juvenile transcript for the purpose of confrontation. The court rules also deal with the question of disclosure and indiscriminate public inspection. R. 5:10-6(b) provides in part:
No public use shall be made of the stenographic or sound record, or a transcript thereof, of any hearing or trial by any person, including a party, except in the course of an appeal or, if no juvenile is involved in the proceeding, in other legal proceedings, or as authorized by the court.
In addition thereto R. 5:10-7(c) states:
All procedural and social records in juvenile matters and all social records in adult matters shall be strictly safeguarded from indiscriminate public inspection. The court may in its discretion, in the best interest of a juvenile or adult or for other good cause, permit inspection of any procedural or social record * * *.
It is clearly established that the policy of the law is to preserve the anonymity of a juvenile offender. However, this policy is not absolute and is subject to the rights of others and the prevention of any injustice.
The argument on behalf of the juvenile stresses the position that to reveal the identities of the juveniles would *334 be detrimental to them and possibly result in civil litigation. It is well established that a minor of any age may be found liable for his negligent or willful acts. McDonald v. Home Ins. Co., 97 N.J. Super. 501, (App. Div. 1967); Zuckerbrod v. Burch, 88 N.J. Super. 1, (App. Div. 1965). There is no prohibition against instituting a civil action against a juvenile for injury or damage resulting from his act of delinquency. To permit a person to institute suit if he knows the identity of a juvenile, and to be prohibited if for some reason the identity is not within his knowledge, would be patently unfair.
N.J. Const. (1947), Art. I, par. 1, provides:
All persons are by nature free and independent, and have certain natural and inalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of pursuing and obtaining safety and happiness.
It would appear that even though the right of access to the courts is not specifically guaranteed by the New Jersey Constitution, it is a natural and inalienable right derived from Article 1. In Charles v. Fischer Baking Co., 14 N.J. Misc. 18, 182 A. 30, aff'd 117 N.J.L. 115 (E. & A. 1935), the court held that the right to institute and maintain an action was a fundamental right under the Federal Constitution. Therefore, a dilemma exists between permitting a person to pursue its right of access to the court and attempting to safeguard the confidentiality of a juvenile proceeding. I believe that it is absolutely essential to uphold a person's right to pursue a civil remedy. In the great majority of cases involving juveniles no court intervention is necessary because the identity is known to the injured party. To reveal the identity of a juvenile to the alleged victim solely would not violate the confidentiality of the proceedings or permit public inspection of the records of the court and law enforcement agencies.
It would appear that the constitutional right of free access to the courts only requires that a litigant be afforded *335 a full and fair day in court. Hopewell Tp. v. Volpe, 446 F. 2d 167 (3 Cir.1971). This right entitles a litigant to the honest, unbiased judgment of the judge or those courts before whom his case comes, and to full hearing and argument in order that the merits of his side of the controversy may be established, and when this is accomplished he has had all to which he is entitled. Deppe v. General Corp., 131 F.2d 379 (3 Cir.1942). The applicant in this matter would be able to achieve this goal through the disclosure of the identities of the juveniles by permitting a copy of the police report to be given to the applicant. It is not required that the applicant receive a transcript of the proceedings or any social reports, as normal pretrial discovery would be available if suit is in fact instituted. The applicant is only entitled to be placed in the same position as any other person would be in relation to access to the courts. If in fact there had been no juvenile proceeding, and the identities were known, the applicant could have pursued its remedy in the customary manner.
It has also been argued that "good cause", as required by N.J.S.A. 2A:4-65(a)(6), refers solely to the welfare of the child involved. Applicant maintains that facilitating its investigation for possible civil action is good cause for allowing disclosure.
N.J.S.A. 2A:4-65(a)(6) permits disclosure to any person interested in a case if so ordered by the court for good cause shown. The prior sections of this statute permit disclosure to persons and agencies involved with the rehabilitative goals of the juvenile system, and also to persons responsible for law enforcement. To exclude an alleged victim as an interested person in a case would be a strained interpretation of the statute. It is sufficient "good cause" to permit an alleged victim its access to the courts to pursue its civil remedy.
The applicant is entitled to have the identities of the juveniles revealed to it by receiving a copy of the police report *336 from the Lyndhurst Police Department. The transcript and any social reports will not be made available to the applicant. The applicant is prohibited from making any additional copies of the police report, and its use is restricted solely to the applicant. Upon completion of the investigation and any subsequent litigation this report is to be returned to the court.
The order for the release of the police report shall not take effect until the expiration of the period permitted for the taking of any appeal from this decision. Any appeal is to be considered a stay as to the release of said police report because a premature release would render an appeal moot.