ACCOUNTING DATA, INC., Plaintiff-Respondent, v. MC-MURTRIE, and another, Defendants-Appellants.

*No. 75–437. Submitted on briefs March 30, 1977.—
Decided May 17, 1977.*
(Also reported in 253 N.W.2d 534.)

For the appellants the cause was submitted on the brief of *Kelley, Weber & Bolte, S. C.* of Wausau.

For the respondent the cause was submitted on the brief of *Tinkham, Smith, Bliss, Patterson & Richards* of Wausau.

ABRAHAMSON, J. The issue on appeal is whether McMurtrie, a resident of Florida, asserting a counterclaim in a Marathon County, Wisconsin action, "instituted suit" in Wisconsin by means of his counterclaim so that he was subject to adverse examination in Marathon County pursuant to sec. 887.12(4), Stats., 1973.[1]

The plaintiff, Accounting Data, Inc., commenced its action against the defendants, Donald McMurtrie and Colonial Builders & Supply, Ltd., in Marathon County in March, 1974. McMurtrie and Colonial Builders answered and counterclaimed. Accounting's attorneys served upon McMurtrie's Wisconsin attorney a notice for an adverse examination of McMurtrie in the Marathon County Courthouse scheduled for March, 1975. McMurtrie's attorney advised Accounting's attorneys that he did not intend to produce McMurtrie for the adverse examination because McMurtrie had not instituted the litigation in Wisconsin and could not be forced to appear for examination in Wisconsin.

Accounting filed a motion asking the trial court to dismiss the defendants' counterclaim, or, in the alternative, to order McMurtrie to appear for an adverse examination in Wisconsin pursuant to subpoenas served on McMurtrie's attorney. The trial court found that by asserting the counterclaim, McMurtrie had instituted suit

---

[1] Sec. 887.12(4), Stats. 1973, provides in part:

"When a party has *instituted suit* in any county of this state, he shall be subject to adverse examination in such county whether he resides in such county or not provided a subpoena is served upon him within such county. If such party is an out-of-state resident such service of subpoena upon his resident attorney shall confer jurisdiction upon him for purposes of the adverse examination." (Emphasis added.)

and thus was subject to examination in Wisconsin. The court agreed to sign an order requiring McMurtrie to appear for an adverse examination, and in the event he failed to appear, the court would strike the counterclaim.

The adverse examination did not take place; and three months later Accounting filed a second motion asking the court for an order setting a time for McMurtrie to appear for an adverse examination, or, in the alternative, for an order dismissing the defendants' counterclaim on the merits with prejudice. The court ordered McMurtrie to appear for an adverse examination in the Marathon County Courthouse on September 2, 1975, and further ordered that if McMurtrie failed to appear, the defendants' counterclaim would be dismissed on the merits with prejudice. On September 8, 1975, after being advised that McMurtrie had failed to appear for the adverse examination, the court entered the order dismissing the counterclaim on the merits with prejudice. From this order, McMurtrie and Colonial Builders & Supply, Ltd., have appealed.

Accounting argues that McMurtrie may be ordered to appear in Wisconsin for an adverse examination because by making a counterclaim McMurtrie "instituted suit" in Marathon County and under sec. 887.12(4), Stats. 1973, he is subject to adverse examination in that county. McMurtrie contends that filing a counterclaim does not constitute instituting suit under the statute and, therefore, he is not required to appear in Wisconsin for an adverse examination.

The Court concludes that McMurtrie did not institute suit by asserting the counterclaim and, therefore, the circuit court's order must be reversed. The Court does not reach the second issue presented on this appeal, namely whether the circuit court abused its discretion when it dismissed the defendants' counterclaim with prejudice because McMurtrie failed to appear in Wisconsin for an adverse examination.

The word "suit" can be given a broad meaning. In *Milwaukee L., H. & T. Co. v. Ela Co.*, 142 Wis. 424, 428, 125 N.W. 903 (1910), the Court said that a suit in the broad sense "applies to any proceeding in a court of justice by which a party pursues the remedy which the law affords for litigating a subject of controversy between adverse parties . . . ." In *In re Sherman M. Booth*, 3 Wis. 1, 46 [39] (1854), the Court said:

"The interposition of the claim, by legal process, is the commencement of a suit. 'A suit is the prosecution of some claim, demand, or request.' 6 Wheat., 407. The trial of such claim is the trial of a suit."

A counterclaim is defined in the statutes as a claim the defendant has against the plaintiff upon which a judgment may be had in the action. Sec. 263.14(1), Stats. 1973. Therefore, a counterclaim might be construed to be a suit.

The type of suit covered under sec. 887.12(4), Stats. 1973, is limited, however, to that which is instituted. The word "instituted" is often used in reference to actions or proceedings which are started by the service of process. See *Charles v. Fischer Baking Co.*, 14 N.J. Misc. 18, 21, 182 A. 30 (1935); *Ocean Accident & Guaranty Corporation v. May*, 15 S.W.2d 594, 597 (Tex. 1929); and *Blain v. Blain*, 45 Vt. 538, 543 (1873). In Wisconsin, at the time McMurtrie and Colonial Builders asserted their counterclaim, actions and special proceedings were commenced by the service of process. Sec. 262.02, Stats. 1973. A summons had to be served in order to obtain jurisdiction over a defendant or a third party defendant. Sec. 262.02(1) and sec. 260.19(1), Stats. 1973. However, no process had to be served to assert a counterclaim or a cross-claim; only the pleading need be served. Secs. 263.05, 263.14, and 263.15, Stats. 1973.

As we interpret sec. 887.12(4), Stats. 1973, non-residents subject themselves to adverse examination in Wisconsin only by instituting suit, which means a suit started by the service of process. Because McMurtrie did not have to serve process in order to assert his counterclaim, he did not, under sec. 887.12(4), Stats. 1973, institute suit when he asserted the counterclaim. Therefore, McMurtrie did not subject himself to adverse examination in Wisconsin.

This interpretation of the statute requires the circuit court's order dismissing the counterclaim with prejudice to be reversed. McMurtrie can be compelled to undergo an adverse examination only in the county in which he resides or in any county of this state in which he is personally served with notice and subpoena. Sec. 887.12 (4), Stats. 1973. This interpretation of sec. 887.12(4), Stats. 1973, is consistent with sec. 804.05(3)(b)3 and 5, Stats. 1975, which became effective on January 1, 1976.[2]

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

---

[2] Sec. 804.05(3)(b)3 and 5, Stats. 1975, provides as follows:

"3. A defendant who is not a resident of this state may be compelled:

"a. By subpoena to give a deposition in any county in this state in which personally served, or

"b. By notice under sub. (2) to give a deposition at any place within 30 miles of the defendant's residence or within the county of residence or at such other place as is fixed by order of the court.

". . .

"5. In this subsection, the terms 'plaintiff' and 'defendant' include officers, directors and managing agents of corporate plaintiffs and corporate defendants, or other persons designated under sub. (2)(e), as appropriate. A defendant who asserts a counterclaim or a cross-claim shall not be considered a plaintiff within the meaning of this subsection, but a 3rd party plaintiff under s. 803.05(1) shall be so considered with respect to the 3rd party defendant."