THE WACHOVIA BANK AND TRUST COMPANY, ADMR., ET AL. v. R. A. DOUGHTON, COMMISSIONER OF REVENUE.

(Filed 24 January, 1925.)

1. **Statutes—Decisions of Other States on Statutes Adopted Here.**

Great weight will be given by our courts to the decisions of another state upon its statute which has been substantially adopted by our legislature as a law.

2. **Wills—Statutes—Legislative Powers.**

The right to make testamentary disposition of property is subject to the legislative power of the State and may ·be denied or allowed upon such constitutional conditions as the legislature may impose.

3. **Same—Transfer Tax—Constitutional Law.**

The tax imposed by ch. 34, sec. 6 of the Laws of 1921, upon any person or corporation exercising a power of appointment derived from any disposition of property as a "transfer taxable," is a constitutional and valid provision and does not attempt to impose a tax upon personal property having its *situs* outside of the State when coming under its provisions, but upon the exercise of the power of appointment itself by a resident of this State.

4. **Same—Situs of Property.**

A nonresident of this State devised certain personal property in trust for his daughter at the place of his domicile and gave her the power of disposition thereof by will. Afterwards she became a resident of this State, and died having exercised ·her power of appointment by will in North Carolina. *Held*, the intent of ch. 34, sec. 6, of the Laws of 1921, was to levy an inheritance or transfer tax, upon the exercise of the power by a resident here and such exercise of the power is construed to be valid transfer tax under the provisions of this act though the *situs* of the property disposed of was in the State wherein her father died a resident.

5. **Same—Succession Tax.**

The transfer tax imposed by ch. 34, sec. 6, Laws of 1921, is a succession tax and collected as such as the statute provides.

APPEAL by plaintiffs from *Grady, J.,* at Chambers, 8 February, 1924, from WAKE.

Controversy without action, submitted on an agreed statement of facts, the determinative portion of which appears in the opinion of the court.

From a judgment in favor of the defendant, upholding the validity of the tax, the plaintiffs appeal.

*R. G. Stockton, Manly, Hendren & Womble for plaintiffs.*
*Attorney-General Manning and Assistant Attorney-General Nash for defendant.*

STACY, J. There being a question in difference between the parties to this proceeding, which might properly become the subject of a civil action, the same has been submitted for adjudication, on an agreed statement of facts, as provided by C. S., 626.

The question to be determined is the liability or nonliability of the estate of Mrs. Theodosia Haynes Taylor, or the appointees under her will, to an inheritance tax, or transfer tax, levied under the Revenue Act of 1921, upon the exercise in this State, by testamentary instrument, of a certain power of appointment, over property consisting of stocks and bonds in foreign corporations, said power being given and conferred by the will of Stanford L. Haynes who was a resident of the State of Massachusetts at the time of his death, and whose will is probated in that State.

The said Stanford L. Haynes died 21 May, 1920, leaving a last will and testament, bearing date 15 September, 1919, in which he bequeathed certain stocks and bonds of foreign corporations, in trust to the Springfield Safe Deposit & Trust Company of Springfield, Mass., for the benefit of his daughter, Theodosia Haynes, and with power of appointment over said property to her by will. The following is the item of said will, pertinent to the present controversy:

"Fifth, all the rest, residue and remainder of all my goods and estate, both personal and real, of every kind and description, and wherever situated, I give, devise and bequeath to said Springfield Safe Deposit & Trust Company in trust to hold, manage, control, invest and reinvest in accordance with its best judgment and discretion as follows:

"A. One-half of said rest, residue and remainder shall be set apart and kept in a separate trust fund for the benefit of my daughter, Theodosia Haynes, and the net income therefrom shall in quarterly installments be paid to my said daughter as long as she shall live. Upon the death of said Theodosia, I direct that the principal of said trust fund be paid and transferred to such person or persons and in such proportions as said Theodosia shall by will appoint, or in the event that said Theodosia shall fail to exercise the power of appointment

hereby conferred upon her and shall leave issue surviving her, such payment and transfer shall be made to such issue by right of representation."

After the death of her father, Theodosia Haynes intermarried with Alexander Taylor of Morganton, N. C., and thereby became a resident of North Carolina. Mrs. Taylor died 23 June, 1921, leaving a last will and testament, which has been duly probated in this State, and in which she appointed her husband for a portion of the trust estate and her infant son for the remainder. Her will was executed in conformity with the laws of North Carolina, and it is also sufficient in form to meet the requirements of the laws of Massachusetts. Both of the beneficiaries, who take the appointed property under Mrs. Taylor's will, are residents of this State; and the Wachovia Bank and Trust Company is the duly appointed and qualified administrator, *c. t. a., d. b. n.,* of the estate of Mrs. Taylor, and guardian of her infant son.

The individual estate of Mrs. Taylor, which is located in North Carolina, amounts to $8,743.84. The assessed valuation of the trust estate in the hands of the Springfield Safe Deposit and Trust Company, which consists entirely of investments in stocks and bonds of various foreign corporations, is placed at $395,279.93.

The defendant claims and has assessed an inheritance tax of $3,995.65 against the husband's share of the appointed property, and $5,317.09 against the share of the infant son in said property, under an amendment to the inheritance-tax laws of North Carolina, incorporated therein for the first time on 24 August, 1920 (section 2, chapter 24, Public Laws, Extra Session 1920), and again on 8 March, 1921 (section 6, chapter 34, Public Laws 1921), after the death and probate of the will of Stanford L. Haynes, but before the death and probate of the will of Theodosia Haynes Taylor, in words and terms as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of this act, such appointment when made shall be deemed a transfer, taxable under the provisions of this act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee by will, and the rate shall be determined by the relationship between the beneficiary under the power and the donor; and whenever any person or corporation possessing such power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer, taxable under the provisions of this act, shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded

thereto by a will of the donee of the power failing to . exercise such power, taking effect at the time of such omission or failure."

This provision, added as an amendment to the Revenue Acts of 1920 and 1921, is taken almost literally from a similar act of the State of New York, and it would seem that the interpretation placed upon the New York act by the courts of that State, and approved by the Supreme Court of the United States, ought to prove quite helpful and beneficial in the interpretation and construction of our own statute. In at least two cases, substantially similar to the one at bar, the New York Court of Appeals has upheld the tax and sustained the validity of the New York statute. *In re Delano,* 176 N. Y., 486, affirmed, *sub nom. Chanler v. Kelsey,* 205 U. S., 466; *In re Daws,* 167 N. Y., 227, affirmed, *sub nom. Orr v. Gilman,* 183 U. S., 278. We think a like conclusion should be reached in construing our own statute in the present case. "Where a statute is adopted from another State or country, and the same has been construed by the courts of such State or country, it is the general rule that the statute is to be held to have been adopted with the construction so given to it, and particularly where the statute itself does not express an intention to the contrary." *Duncan, J.,* in *People v. Trust Co.,* 289 Ill., 475.

The amendment, as we understand it, does not attempt to impose a tax upon property having its *situs* outside of the State, but upon the exercise of a power of appointment within the State. We had occasion to consider the general nature and character of inheritance taxes in the case of *Trust Co. v. Doughton,* 187 N. C., 263. It would only be a work of supererogation to repeat in substance here what has been so recently said there, and we content ourselves by referring to that case for a discussion of the principles involved. In *Magoun v. Bank,* 170 U. S., 283, it is said of such taxes: "They are based on two principles: 1. An inheritance tax is not one on property, but one on the succession. 2. The right to take property by devise or descent is the creature of the law, and not a natural right; a privilege, and, therefore, the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions, and are not precluded from this power by the provisions of the respective State constitutions requiring uniformity and equality of taxation." The same doctrine was reasserted in *Knowlton v. Moore,* 178 U. S., 41.

It clearly appears, we think, from the language of the statute, that the Legislature intended to levy an inheritance tax, or transfer tax, on the exercise of the power of appointment; for it is specifically provided that "such appointment when made shall be deemed a transfer, taxable under the provisions of this act."

But it is insisted that the title of the present owners is deduced from the will of Stanford L. Haynes, and not from the will of Mrs. Taylor. It would probably be more nearly correct to say that it is derived in part from each, because it is dependent upon both. They must resort to both in order to establish their full title, for the will of neither alone will suffice. But whatever be the exact source or sources of title of those who take the appointed property, it cannot be denied that, in its final analysis, the execution of the power is what gives them the property; and this is the transfer, transaction or change of ownership which is taxed under the statute. *Trust Co. v. Doughton, supra.*

The last will and testament of Stanford L. Haynes gave his daughter, Theodosia, a power of appointment, to be exercised only in a particular manner, to wit, by will. If the right to take property by bequest or devise be not an inherent or natural one, but a privilege accorded by the State, which it may grant or withhold at its pleasure, it follows that the right to make a will, or to exercise the power of appointment by testamentary disposition, is equally a privilege and equally subject to the taxing power of the State. Speaking to the question in the case of *In re Delano,* 176 N. Y., 486, *Vann, J.,* said: "The privilege of making a will is not a natural or inherent right, but one which the State can grant or withhold in its discretion. If granted, it may be upon such conditions and with such limitations as the Legislature sees fit to create. The payment of a sum in gross, or of an amount measured by the value of the property affected, may be exacted, or the right may be limited to one or more kinds of property and withdrawn as to all others. The Legislature could provide that no power of appointment should be exercised by will, or that it should be exercised only upon the payment of a gross or ratable sum for the privilege. It could exact this condition, independent of the date or origin of the power. All this necessarily flows from the absolute control by the Legislature of the right to make a will."

When Stanford L. Haynes gave or devised the property in question to the appointees under the will of his daughter, he necessarily subjected it to the charge or tax which the State might impose upon the privilege accorded to her of making a will. Had the property passed in default of an exercise of the power of appointment, a very different case would have been presented. In that event the husband of the testatrix would have taken no part of the trust estate, and her infant son would have taken the entire property under his grandfather's will. We express no opinion on the question whether, under such circumstances, the tax imposed by the amendment of 1921 could be deemed a valid exercise of the taxing power. *In re Canda's Estate,* 189 N. Y. Supp., 917.

The recent case of *In re Taylor's Estate,* 204 N. Y. Supp., 367, and the cases of *In re Frazier,* 188 N. Y. Supp., 189; *In re Seaman,* 187 N. Y. Supp., 254, and *State ex rel. Smith v. Probate Ct.,* 124 Minn., 508, are in line with the above position and the decisions cited. See, also, valuable note on the subject in 18 A. L. R., p. 1470.

The exercise of the power of appointment now under consideration took place by the permission and under the direct protection of our laws. This would seem to bring it within the reach and power of the State to tax. *Thomas v. Matthiessen,* 232 U. S., 235; *Hooper v. Shaw,* 176 Mass., 190. The question presented to us is not one of policy for the courts, but one of power for the Legislature. It is peculiarly the function of the lawmaking body to levy assessments and to devise a scheme of taxation. *Trust Co. v. McFall,* 128 Tenn., 645; *Person v. Watts,* 184 N. C., p. 514.

It will be observed that the power of appointment, bestowed upon Mrs. Taylor by the will of her father, is a general power, as distinguished from a special power; and, for the purposes of taxation, the donee of a general power, when an appointment is made thereunder, is usually regarded as the one from whom the estate comes. *Hicks v. Ward,* 107 N. C., 393; *Rogers v. Hinton,* 62 N. C., 102; *S. c.,* 63 N. C., 80; *United States v. Field,* 255 U. S., 257; *Chanler v. Kelsey,* 205 U. S., 466; 2 Sugden on Powers, p. 26. In this respect, the instant case may be partly distinguishable from the cases cited and relied upon by appellants; but, if not, we must decline to follow them, as we think the act in question is constitutional. It is conceded that, in some of the States, notably Massachusetts and California, apparently contrary views are taken of similar statutes. *Walker v. Mansfield,* 221 Mass., 600; *In re Bowditch,* 208 Pac. (Cal.), 282. But we are disposed to follow the New York decisions, as above indicated.

Plaintiffs take the further position that if the act in question be valid, the tax in strictness is not a succession tax, but a tax on the exercise of the power of appointment, collectible only out of Mrs. Taylor's estate, and that a sufficient amount of her estate will not come into the hands of her administrator to pay the tax. It will be observed that, by the terms of the statute, the exercise of the power, or the appointment when made, is to be deemed a transfer, "taxable under the provisions of this act"; and it has been held by us in a number of cases that such taxes, when levied under the statute, are to be dealt with as succession taxes and collected as such in the manner therein provided. *Trust Co. v. Doughton, supra.* See sections 7, 9, 10, and 12, chapter 34, Public Laws 1921.

Upon the record, and as now advised, we think the judgment entered below, upholding the tax, should be sustained.

Affirmed.