JACOB BROWN *vs.* ABRAHAM P. LEVIN & others.

Suffolk. December 6, 1926. — March 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way*, Private.

The city of Boston took by eminent domain for city purposes land on Stoddard Street and Court Street extending southerly from Court Street so that it included a triangular portion of a five-foot passageway formerly existing between backs of buildings fronting on Howard Street and of buildings fronting on Court Street, but left sufficient of the passageway beginning at a point westerly of the old Stoddard Street line to afford access, even if not very convenient, from what formerly had been Stoddard Street, and after the taking was a part of Court Street, westerly to land which was formerly the rear of buildings fronting on Howard Street. *Held,* that

(1) Such taking did not extinguish the right of way over the portion of the passageway left;

(2) Owners of land to the south of such remaining way had no right to use it for passing north and south to and from the new line of Court Street; it could rightfully be used only in the direction, and from the direction, of the former location of Stoddard Street.

PETITION, filed in the Land Court, on November 27, 1925, for the registration of the title to land in Boston bounded as follows: "Beginning at the northwesterly corner of Court and Stoddard Streets, thence running westerly, bounded northerly on said Court Street, eighty-seven feet, 8 inches,

more or less, to land conveyed by John Amory to John Hubbard by deed recorded with Suffolk Deeds, Book 299, Page 117, now or late of Langmaid; thence turning and running southerly through a brick partition wall, bounded westerly by said land of Langmaid, sixty-three (63) feet, more or less, to another lot conveyed by said Amory to said Hubbard by deed recorded with said Deeds, Book 276, Page 297; thence turning and running easterly bounded southerly by said last mentioned land, and including a five-foot passage-way leading into Stoddard Street, eighty-four feet, eight inches, more or less, to said Stoddard Street; thence turning and running northerly, bounded easterly by said Stoddard Street, sixty-two feet, eight inches, more or less to the point of beginning on Court Street, excepting therefrom so much thereof as was taken by the City of Boston for the widening and laying out of Cambridge Street as described in Suffolk Deeds, Book 4644, Page 144.''

The petition was heard in the Land Court by *Davis*, J. The effect of the taking by the city of Boston is stated by the judge as follows: ''Before the recent taking by the city of Boston for widening Court Street there existed on the ground a passageway running westerly from Stoddard Street between buildings fronting on Court Street and buildings fronting on Howard Street. The taking by the city included the buildings fronting on Court Street, the easterly or Stoddard Street end of the passageway, and a slice off of the northerly portion of the remainder, leaving a sharp pointed sliver of land out of the old passageway, about seventy-two and one-half feet long and having a width at its westerly end of three and seventy-three hundredths feet, title to which is in the petitioner, lying between the Howard Street lots and the new line of Court Street.''

Other facts found and rulings made by the judge are stated in the opinion. From his decision the petitioner appealed.

*F. L. Norton,* for the petitioner.

*G. H. McDermott,* for the respondent Levin.

BRALEY, J. This is a petition under G. L. c. 185, to register title in fee simple to land as therein described situated in the city of Boston. The judge found and ruled that the

respondents had appurtenant easements of way over the land, and the petitioner appealed. It is stated in his decision that the way in question was the subject of litigation in *Langmaid* v. *Higgins*, 129 Mass. 353, where a plan is printed showing a parcel of land bounded southerly by Howard Street, easterly by Stoddard Street, northerly by Court Street, and westerly by land of one Spooner. A passageway is shown about equally distant from Court Street and Howard Street running through the land from Stoddard Street to the property of Spooner. It is found that there were buildings fronting on Court Street, and buildings fronting on Howard Street, between which the passageway was located. The city, however, widened Court Street, taking in fee the buildings fronting on Court Street, and on the Stoddard Street end of the passageway, as well as the passageway, except a "sliver" of the northerly portion of the remainder. The result was that of the old passageway only a strip between the lots on Howard Street and the new line of Court Street was left. It measured about seventy-two and one half feet in length and three and seventy-three one-hundredths feet in width at the westerly end, the level of which in places is two and one half feet above the grade of the sidewalk, which the city built along the southerly side of the taking on Court Street. In the deed from John Amory, conveying the property to John Hubbard in 1822, the land was bounded northerly on land of the grantor, "laid out as a passageway of five feet leading from the rear of said Amory's Cambridge Street estates to . . . Stoddard's Lane and measuring on said passageway as the fence now stands about eighty-nine feet six inches." And there was also conveyed "a right in common with said Amory and his assigns of passing and repassing through and over the said passageway of five feet from said Stoddard's Lane to the distance of eighty-nine feet six inches from said Lane and no further." The terminus accordingly was the end of the line as measured. But Hubbard extended the way to the Spooner land. *Langmaid* v. *Higgins*, *supra*. It follows that Amory retained the fee in the way subject to the easement, and the petitioner's ownership in fee of the strip was not disputed. It also was

unquestioned that, at the time of the taking, the passageway was appurtenant to the respective estates of the respondents for passage on foot and with teams to and from Stoddard Street, formerly Stoddard Lane. The question is, whether the easement, having been strictly limited to this purpose, was extinguished, as the petitioner contends, by the scope and effect of the taking. But the whole passageway was not taken, and the remainder is found to afford access, even if not very convenient, from Stoddard Street to land which was formerly the rear of the respondents' lands. We find no evidence of any intention by the owners of the dominant estates to relinquish their rights, and the strip remained subject to the easements. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4. The case of *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 202 Mass. 585, 596; S. C. 209 Mass. 298; 215 Mass. 381, on which the petitioner places much reliance, is not in conflict. In that case land over which there was a private right of way was taken by metes and bounds for a public easement, and it was held that the taking extinguished the way.

The record reads that the respondents, who have not appealed, contended that they had direct access to and from Court Street as widened along the entire length of the strip, which would give them a frontage on that street. But, as stated in the decision, the difference in the use of the petitioner's land, if the respondents' estates are given a frontage on Court Street, and its use as "a back alley to and from Stoddard Street, is obvious. The frontage would not only greatly increase the burden, but would be a use for an entirely different purpose from that for which the easement was created, and would amount to the creation of a new and burdensome servitude." *McLaughlin* v. *Cecconi,* 141 Mass. 252. The ruling, "that the respondents' appurtenant easements are rights of way over the petitioner's land in the direction, and from the direction, of the former location of Stoddard Street," was right. *Langmaid* v. *Higgins, supra.*

*Order for decree affirmed.*