FRANK GENDER, PLAINTIFF-APPELLANT, v. ROBERT LEE RAYBURN, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided December 16, 1937.

For the defendant-respondent, *George R. Jackson* and *William P. Braun.*

For the plaintiff-appellant, *Fast & Fast (Herman L. Fast).*

PER CURIAM.

Plaintiff appeals from an order vacating service of the summons and complaint upon defendant, a resident of Tennessee, through the motor vehicle commissioner of this state, under chapter 69 of the laws of 1930, as amended by chapter 69 of the laws of 1933. The complaint stated that plaintiff was a resident of Newark, whereas it appears without contradiction that he was then, and for some years had been, a resident of New York.

A demand for particulars was served on January 7th, 1936, and on the following day, and before answer, defendant entered a special appearance for the purpose of making the motion to vacate the service on the ground that plaintiff is a non-resident.

Plaintiff maintains the service of the demand for particulars constituted a general appearance, while defendant insists that the allegation of plaintiff's residence was a fraud, and

defendant is estopped from asserting a general appearance. However, the tenth item of the demand requests plaintiff's "present address in the city of New York." This would seem to indicate knowledge of his residence in New York, but as the statute makes residence in this state at the time of the collision the test, a subsequent change of residence would be immaterial. It appears to be clear that the misstatement of residence was deliberate to effect jurisdiction, if possible, in a case clearly without the statute. This is a palpable fraud upon the statute which justifies the court *ex mero motu* in dismissing the appeal.

The order is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 15.

*For reversal*—None.