K. M. GREEN et ux., Plaintiffs, Appellees, v. WILLARD BRINEGAR, Defendant, Appellant.

No. 45180.

478

May 14, 1940.

Carolan & Dickens, for appellees.

Hallagan, Fountain, Stewart & Cless and E. P. Shea, for appellant.

MITCHELL, J.—The accident out of which the action arises occurred on March 29, 1939, on a public highway near Grin-

nell, Iowa. The petition was filed September 5, 1939. Service of the original notice was in the following manner: By filing same with the commissioner of public safety and by plaintiffs' attorney, mailing a copy of same by restricted registered mail to the defendant accompanied with a "notification" to the effect that an original notice of suit was duly served upon defendant at Des Moines, Iowa, by filing a copy of said notice on the 6th day of September 1939 with the commissioner of motor vehicles of the state of Iowa. Acknowledgment of the notice in his office was made by the commissioner of public safety on October 8, 1939. By affidavit of one S. Buchanan, filed in the clerk's office in Winneshiek county, Iowa, it is shown that he (S. Buchanan) personally served said original notice on the commissioner of motor vehicles of the state of Iowa by filing a copy thereof with said commissioner.

The first statute of the type involved in this action was enacted by the legislature of this state in 1931 and appears in the 1931 and 1935 Codes of Iowa as sections 5079-d11 to 5079-d24. Under these statutes, the secretary of state was named as the officer upon whom substituted service of the original notice of suit was to be had. By section 513, chapter 134, Acts of the Forty-seventh General Assembly, which became effective July 4, 1937, the "Commissioner of the Motor Vehicle Department" was substituted for the secretary of state and this law remained unchanged until May 4, 1939, hence it was the law at the time the accident, giving rise to the instant case, occurred. Between the time of the accident and the time this action was commenced, the law had again been changed, the legislature designating the commissioner of public safety as the officer upon whom the process should be served. See section 18, chapter 121, Acts of the Forty-eighth General Assembly, effective May 4, 1939. The notice in the instant case was filed with the commissioner of public safety.

We are confronted here with construing section 18, chapter 121, Acts of the Forty-eighth General Assembly.

In construing a statute this court has time and again said

that the courts are required to interpret the language used by the legislature, fairly and sensibly in accordance with the plain meaning of the words used.

In Peverill v. Department of Agriculture, 216 Iowa 534, 535, 245 N. W. 334, 335, this court said:

"It is a cardinal rule of statutory construction that legislative enactments shall be construed in such a manner that the ends of the enacting body may be accomplished."

Under the appellant's theory the remedy afforded by the nonresident statute is denied to all persons whose cause of action occurred between July 4, 1937, and May 4, 1939, upon which a remedy had not yet been sought by commencement of an action under the nonresident statute. No one would argue that the legislature ever had any such intention. The proof that it did not is the fact that the legislature did not repeal the nonresident statute nor interrupt its operation.

The intent of the legislature is not difficult to determine in this instance. Section 3 of chapter 121, which now appears as paragraph 31 of section 5000.01 of the Code of Iowa, 1939, provides:

" 'Department' means the motor vehicle department under the commissioner of public safety."

The third paragraph of section 7 of chapter 121, which now appears as section 5000.02 of the Code of Iowa, 1939, provides:

"The department of public safety, under the commissioner thereof, shall constitute the motor vehicle department for the administration and enforcement of this chapter."

This provision is unmistakable evidence of a legislative intent to identify the motor vehicle department with the department of public safety in such a way that in supervising the activities of the motor vehicle department, the commissioner of public safety acts as its head and since he is the commis-

sioner in charge of the motor vehicle department, he is necessarily the commissioner of motor vehicles.

The appellant argues that the office was abolished; that the agent died a legislative death, and that the well-established rule applies, that with the death of the agent, the agency terminates. With this we cannot agree. The only effect of the amendment contained in chapter 121, was to terminate the services of the incumbent of the office, but not the office. The agency designated by the statute for service on a nonresident auto driver was vested in the office and not in the incumbent.

The cases cited are cases in which it was attempted to make the statute retroactive but that is not the situation that confronts us.

The plain meaning of paragraph 3 of section 7, chapter 121 [Acts of the Forty-eighth General Assembly] requires a recognition of the continuity of the officer designated by the defendant as his process agent for commencement of all civil suits arising from his use of the public highway of Iowa. There is thus no need in this case for a retroactive operation of chapter 121. It necessarily follows that the lower court was right and that the case must be and it is affirmed.—Affirmed.

RICHARDS, HALE, BLISS, OLIVER, MILLER, and STIGER, JJ., concur.

HAMILTON, C. J., dissents.

HAMILTON, C. J. (dissenting)—As I read the Acts of the Forty-eighth General Assembly under consideration in this case, not only the officer but also the office of commissioner of motor vehicles was abolished. The agency contract was not with the department of motor vehicles, but with the commissioner of that department.

The department was retained in the new statute, but the commissioner of this department stepped down and out for the simple reason that his office was abolished. The department of motor vehicles was transferred to the newly created depart-

ment—the department of public safety. The new law expressly states that "Commissioner" means commissioner of public safety, an officer and office which did not exist at the time the accident out of which this action arises occurred.

I am unable to discover any logical reason for saying that, at the time the defendant entered the state of Iowa, and operated his automobile on the highways of this state in March 1939 that he thereby constituted and appointed the commissioner of public safety, an officer who did not exist, his agent.

The majority opinion is out of harmony with every other case bearing upon the question that has been handed down by courts of other jurisdictions. See Paraboschi v. Shaw, 258 Mass. 531, 155 N. E. 445; Ashley v. Brown, 198 N. C. 369, 151 S. E. 725; Kurland v. Chernobil, 260 N. Y. 254, 183 N. E. 380; Continental Casualty Co. v. Nelson, 147 Misc. 821, 264 N. Y. S. 560; Schaeffer v. Alva West & Co., 53 Ohio App. 270, 4 N. E. 2d 720; Donnelly v. Carpenter, 55 Ohio App. 463, 9 N. E. 2d 888; Gender v. Rayburn, 15 N. J. Misc. 704, 194 A. 441; Lepre v. Real Estate-Land Title Trust Co., 11 N. J. Misc. 887, 168 A. 858; Dowling v. Winters, 208 N. C. 521, 181 S. E. 751; State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N. W. 718; Young v. Potter Title & Trust Co., 114 N. J. L. 561, 178 A. 177.

I would reverse.