### ZAVIS et al. v. WARREN.
### No. 351.

District Court, E. D. Wisconsin.
Nov. 20, 1940.

Maurice M. Spracker, of Milwaukee, Wis., for plaintiffs.

Quarles, Spence & Quarles, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This action is the outgrowth of an automobile collision which occurred within the State of Wisconsin on August 14, 1938. The defendant is a nonresident. At the date of the accident § 85.05(3) of the Statutes of 1937 was in force. It provided as follows: "The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by serving a copy upon the secretary of state or by filing such copy in his office, together with a fee of two dollars, and such service shall be sufficient service upon the said nonresident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant, at his last known address, and that the plaintiff's affidavit of compliance herewith is appended to the summons. * * *"

The Wisconsin Legislature, by Chapter 410 of the Laws of 1939 which became effective September 1, 1939, created a Motor Vehicle Department. The new law provided that all of the duties and functions theretofore vested in the Secretary of State by virtue of Chapter 85.05 be transferred to the Motor Vehicle Department. Section 85.05(3), as it appeared in the Wisconsin Statutes at the time this action was commenced, is exactly the same as the old statute except that the words "commissioner of the motor vehicle department" appear in place of the words "secretary of state."

This action was started on July 24, 1940, by serving a copy of the summons and complaint upon the Commissioner, Motor Vehicle Department, and the payment of the statutory fee of $2. The defendant has made a special appearance and moved that the service of the summons and complaint be vacated.

The provision of the 1937 statute that a notice of such service and a copy of the process be mailed by the plaintiff to the defendant at his last known address was not changed by the new enactment. There is no claim in this action that such copy was not received by the defendant herein, or that he was in any way misled or prejudiced by reason of the fact that the service was made upon the Commissioner of Motor Vehicles instead of upon the Secretary of State.

The law in question was enacted for the protection of the person who might be injured, rather than to provide any convenience for the nonresident user of the highways of Wisconsin. There is no question as to the power of the Wisconsin Legislature to pass such a law. State ex rel. Cronkhite v. Belden, 193 Wis. 145, 211 N.W. 916, 214 N.W. 460, 57 A.L.R. 1218. There is nothing about the service on either the Secretary of State or the Commissioner of the Motor Vehicle Department which would apprise the defendant that an action had been commenced.

It was the provision for mailing a copy of the summons and complaint to the last known address of the defendant which would bring the information to him. As the court said in State ex rel. Cronkhite v. Belden, supra, 193 Wis. at pages 157, 158, 211 N.W. at page 920, 214 N.W. 460, 57 A.L.R. 1218: "The law as enacted is calculated to give the defendant adequate notice of the pendency of the proceeding. We know of nothing more likely to apprise the defendant of the pendency of the action than the mailing of a copy of the summons and complaint to his last known address."

The nonresident defendant did not have any substantive right requiring process to be served upon the Secretary of State rather than upon the Commissioner of the Motor Vehicle Department. In either event he would receive exactly the same notice of the commencement of the action. The designation of the State official was a matter of procedure which was within the power of the Legislature. The plaintiff herein followed that procedure which was provided by the law which was in force at the time that this action was commenced. The defendant was in no way prejudiced. The motion to vacate the service of the summons and complaint will be denied.