Morris D. Sanders et al., Appellants, v. Bruce L. Paddock and Robert Bottomley, Appellees.

Gen. No. 9,743.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

J. D. WILSON, of Nokomis, and M. J. BROWN, of Hillsboro, for appellants.

■■■■■■

■■■■■■

VANDEVER & BULLINGTON, and OMER POOS, both of Hillsboro, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

Plaintiffs appellants brought suit against defendants appellees for damages arising out of an automobile collision which occurred May 15, 1949, in Montgomery county, Illinois. On motion of defendant Paddock, service of process was quashed as to him, and upon plaintiffs' election to stand upon such service of process, the suit was dismissed as to Paddock, from which order this appeal is taken.

Defendant Paddock was a resident of Illinois at the time of the collision, May 15, 1949, but thereafter on July 28, 1949, moved from the state of Illinois and became a resident of the state of Oregon. Prior to August 10, 1949, no Illinois Statute provided for service of process under what is commonly called "The Non-Resident Motorist Act" under such circumstances. (*Rompza v. Lucas,* 337 Ill. App. 106.) On August 10, 1949, an amendment to this Act was approved which specifically provided a method for obtaining service on an Illinois resident who, after a cause of action arose, changed his residence to another State. The question presented is: Is the Act as amended retrospective or prospective in its application? Plaintiffs contend that the matter is one of procedure and therefore retrospective. Defendant Paddock contends that the matter is one of substantive law and affects a vested right, by reason of which the provisions are prospective only in application. It is agreed that no Illinois reviewing court has passed upon the specific question thus presented. It is further apparent that nothing in the amended Act, specifically indicates an intention to make its application retrospective.

Section 20a, par. 23, ch. 95½ (Motor Vehicles) Illinois Revised Statutes 1947 (in effect May 15, 1949) [Jones Ill. Stats. Ann. 85.023] provided in part as follows:

"The use and operation by a non-resident of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such non-resident of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him, which is so served shall be of the same legal force and validity as though served upon him personally."

The pertinent part of such Act, amended August 10, 1949, is set forth as follows, with the new matter in italics:

"The use and operation by *any person* of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such person of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally *if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State.*"

In the case of *Schaeffer v. Alva West & Co.* (1936) 53 Ohio App. 270, 4 N. E. (2d) 720, suit was brought against a nonresident of Ohio by reason of an accident

in Ohio April 2, 1933. The effective date of an Act providing for substituted service on the Secretary of State was May 21, 1933. The question presented related to the retrospective application of such Act. The court held that such statute was not retroactive and said: "We recognize that it is against the policy of the law to give Statutes a retroactive effect, and that courts struggle to construe Statutes so as to give them a prospective, rather than a retrospective operation. . . . A power of attorney cannot be made retroactive without clear words to that end. It is doubtful whether the legislative power would extend to making such a statutory power of attorney retroactive." To like effect is the case of *Ashley v. Brown* (1930) 198 N. C. 369, 151 S. E. 725, and that of *Paraboschi v. Shaw* (1927) 258 Mass. 531, 155 N. E. 445. In the case of *Duggan v. Ogden*, 278 Mass. 432, 180 N. E. 301, 82 A. L. R. 765, changes in the provisions of a statute governing notice to non-resident motorists of service of process on the registrar of motor vehicles, was held to relate to practice and procedure and therefore retroactive. The court stated (italics added) : *"This provision as to the appointment of an agent by a non-resident upon whom service of process might be made is the main feature of both Chapter 431 and Chapter 344.* The latter Statute . . . made changes in respect to the proviso for enforcing actual notice to such non-residents . . . . The provisions for transmitting such notice by registered mail was continued as before. There were added alternative provisions. . . . These changes relate to practise and procedure and not to substantive rights. They therefore are applicable to actions brought subsequently to, although the cause of action may have arisen before, the enactment of said Chapter 344. . . . The case at bar is distinguished from *Paraboschi v. Shaw.* In that case the cause of action arose before the enactment of Statute 1923c, 431, and it was held

704

that service could not be made as thereby authorized. *The reason was that the authority of the registrar of motor vehicles to accept service rested upon a power of attorney created by the Statute flowing from voluntary acts of the non-resident owning the motor vehicle. A power of attorney cannot be made retroactive without clear words to that end. It is doubtful if the legislative power would extend to make such a statutory power of attorney retroactive.''* In the case of *Hartley v. Utah Const. Co.* (1939) 106 F. (2d) 953, an amendment was discussed broadening an Act which provided for constructive service upon a nonresident personally, to include instances when the car was operated by an agent, or as stated: ''on his or its behalf.'' The court held that the amended Act was not retroactive in application. A case similar to the one before this court is that of *Kurland v. Chernobil* (1932) 260 N. Y. 254, 183 N. E. 380, which related to residents who move from the State after the cause of action arose. It was held that the statute was not retroactive as there could be no presumption that an attorney in fact was appointed until after the enactment of the statute.

A reading of the Act, and the Act as amended, before the court in the instant case conclusively indicates that the basis for the substituted service rests upon the implied appointment of the Secretary of State as the attorney for the motorist for the service of process, by the use and operation of a motor vehicle over Illinois highways. It would seem illogical to conclude that an Illinois motorist could constructively appoint such an attorney by action of law, at a time when no such law was in existence. It has long been a canon of statutory construction that a legislative amendment is construed as prospective and not retrospective, in the absence of express language declaring it to be retrospective. (*New York Life Ins. Co. v. Murphy,* 338 Ill. 316, 324.)

705

It is the opinion of this court that the amendment related not to procedural law, but to substantive law, was not retrospective in application, and that the trial court properly ordered the attempted service of process quashed and the suit dismissed as to the defendant Paddock. The judgment of the circuit court is affirmed.

*Affirmed.*