Elijah SUMMERS

v.

SKIBS A/S MYKEN.

Civ. A. No. 26902.

United States District Court
E. D. Pennsylvania.

June 10, 1960.

Marvin I. Barish, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for defendant.

LORD, District Judge.

On December 22, 1958, Elijah Summers, a longshoreman, was injured seriously aboard the defendant's motor ship Myken, as a result of the alleged unseaworthiness of that vessel and the negligence of its owner. Suit was instituted on August 25, 1959. On February 2, 1960, the plaintiff purported to make service upon the defendant under the provisions of the Pennsylvania Nonresident Vessel Owners Act, which had been approved November 10, 1959.

Defendant has moved to set aside the purported service for the following reasons:

(1) that the Pennsylvania statute is effective only with respect to causes of action arising subsequent to its date of enactment;

(2) that even if it were the intention of the legislature to apply the statute retroactively, such application would be a violation of the constitutional guarantees of due process and protection against ex post facto laws; and

(3) that the nonresident vessel owners act is unconstitutional as an unreasonable burden upon interstate and foreign commerce.

Resisting the motion, plaintiff concedes on none of these scores, and says to the contrary

(1) that the Pennsylvania statute is merely procedural and remedial, and thus applicable to pending cases;

(2) that there is no constitutional barrier to the retroactivity of such statutes; and

(3) that the nonresident vessel owners act, on principle and authority, is not unconstitutional.

This Court is entirely satisfied that the motion of defendant must be granted. It is, however, unable to agree with counsel for either side as to the principles and authorities which govern the result.

It is furthermore on notice that numerous pending cases depend upon the eventual determination of the present motion. For those reasons, a somewhat formidable number of the cases in point are being listed. To avoid burying discussion in citations, however, most of the authorities have been cited in appendices rather than in the text of this opinion.

The relevant portions of the statute (full text in Appendix I) provide that:—

"Any nonresident * * * owner or operator of any vessel, who shall accept the privilege, extended by the laws of the Commonwealth * * * of operating a vessel in the waters of this Commonwealth or of using its port facilities or ports * * * shall [thereby] make and constitute the Secretary of the Commonwealth his agent for the service of process in any civil suit or proceeding instituted in the courts of * * * Pennsylvania or in the United States Courts in Pennsylvania against such operator or owner * * * arising out of * * * any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved." 12 P.S. § 336.

The wording closely follows that of the Pennsylvania Nonresident Motorist Act, 75 P.S. § 2001 (Appendix II). That act in turn is derived from the Massachusetts protoype act of 1923, St.1923, c. 431, § 2, M.G.L.A. c. 90 §§ 3A, 3B, which was upheld in the celebrated case of Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

The constitutionality of the Pennsylvania Nonresident Vessel Owners Act is deemed to be in no way involved in the present motion, however. That is for the reason that the statute is deemed by this Court to be not applicable to pending cases, on the authority of an unbroken series of cases under similar (motorists') statutes in various state and federal courts from 1927 to the present (Appendix III). Paraboschi v. Shaw, 1927, 258 Mass. 531, 155 N.E. 445; Guerra De Chapa v. Allen, D.C.S.D.Tex.

1954, 119 F.Supp. 129. At least 15 states, from Arkansas to Wisconsin, have considered such statutes and found them not retroactive for a variety of reasons. e. g. Fritchey v. Summar, D.C.W.S.Ark. 1949, 86 F.Supp. 391; Zavis v. Warren, D.C.E.D.Wis.1940, 35 F.Supp. 689; Appendix IV.

The decisions that substituted service statutes partake of substantive law and are not retrospective seem uniform in result regardless of variation in statutes. The same principles, for instance, are applied in South Carolina under a statute (45 St. at Large, pp. 561–563) providing for service upon nonresident directors of domestic corporations. Johnson v. Baldwin, 1949, 214 S.C. 545, 53 S.E.2d 785. And no case has been found which represents a clear cut departure from the foregoing proposition. See Appendix V, discussing Allen v. Superior Ct., Cal. App. 1953, 251 P.2d 358.

Much was made in argument of the circumstance that the 1929 Pennsylvania Nonresident Motorist Act is introduced by the words "From and after the passage of this act, any nonresident * *." The instant act, plaintiff points out, is not so limited as to date.

Defendant says the omission of "from and after" in the recent act is of no significance; that there has intervened, between 1929 and 1959, the Pennsylvania Statutory Construction Act of 1937:—

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." 46 P.S. § 556. (Appendix VI.)

In the view of this Court, the 1937 Act is merely confirmatory of a basic principle of law, in its present application, at least. United States v. Heth, 1806, 3 Cranch 399, 413, 7 U.S. 399, 413, 2 L.Ed. 479, 483; Appendix VI. It therefore seems unnecessary to speculate upon the possible bearing of the Statutory Construction Act.

■ Lest it appear that too much weight is being given to the decisions of other state courts, it is mentioned

that previous constructions of prototype acts are assumed to have been accepted by states adopting or paraphrasing such statutes. Ashley v. Brown, 1930, 198 N.C. 369, 151 S.E. 725, 728; Appendix VII.

■ Somewhat more specific, however, is the Pennsylvania doctrine that legislative rules as to service of process are in derogation of common law and must be strictly construed. McCall v. Gates, 1946, 354 Pa. 158, 47 A.2d 211; Appendix VIII.

■ It is familiar law that constitutional questions are not to be anticipated. Peters v. Hobby, 1955, 349 U.S. 331, 338, 75 S.Ct. 790, 99 L.Ed. 1129; Appendix IX. Since the purported service in the instant case is deemed not authorized by the terms of the statute, there is at any rate no present occasion to consider its constitutionality.

It should be mentioned, however, that the cases denying retroactivity to the nonresident motorist acts reecho the warning that to hold such a statute retroactive would raise grave doubt as to its constitutionality. Guerra De Chapa v. Allen, D.C.S.D.Tex.1954, 119 F.Supp. 129, 131; Appendix X. Indeed, in the case last cited, an amendment to such an act was held prospective despite the very terms of the act whereby it was to be applicable to actions *"now pending or hereafter instituted."* [Emphasis added.]

■ Plaintiff has pressed upon us the rule of numerous Pennsylvania cases which hold that procedural statutes are retrospective. e. g. Kuca v. Lehigh Valley Coal Co., 1920, 268 Pa. 163, 110 A. 731. Lest it appear that such authorities are being passed over in cavalier fashion, it is noted here that the same argument appears in virtually every case on the instant question. (Appendices III, IV and V). The crux of the decisions which are pertinent, however, is that the substituted service statutes affect substantive rights. They are thus found to be more than merely procedural or remedial. Paraboschi v. Shaw, 1927, 258 Mass. 531, 155 N.E. 445; Restatement of Conflict of Laws § 84; Appendix XI.

There are several recent cases which hold to the foregoing principle and nevertheless demonstrate the sort of procedural change which can be made in such statute and which will affect pending cases. Such are the instances where the title or even the office of the state officer who is named as the fictive agent for service of process is changed by amendment. Zavis v. Warren, D.C.E.D.Wis. 1940, 35 F.Supp. 689; Appendix XII.

■ For the foregoing reasons, the motion of Skibs A/S Myken, defendant, to set aside the attempted service under the Pennsylvania Nonresident Vessel Owners Act is Granted, and it is So Ordered.

## Appendix

I.  Text of Pennsylvania Nonresident Vessel Owners Act
II.  Text of Pennsylvania Nonresident Motorist Act
III.  "No Retroactivity" Decisions since 1927
IV.  A Variety of Reasons for Such Results
V.  The California Case distinguished
VI.  Statutory Construction; Statute and Basic Law
VII.  Presumption that Preexisting Statutory Constructions are Accepted with Prototype Acts
VIII.  Legislative Rules as to Service of Process: Strict Construction
IX.  No Anticipation of Constitutional Questions
X.  Dubious Constitutionality of Retroactive Acts
XI.  Procedure vs. Substance; Restatement of Conflict of Laws
XII.  Changes within Substituted Service Statutes which are Procedural

I. Text of Pennsylvania Nonresident Vessel Owners Act

Purdon's Pennsylvania Legislative Service, 1959–60 No. 10, p. 1545— Service of Process—Nonresident Operators or Owners—Vessels—Act No. 500 (12 P.S. §§ 336, 337) S.B. No. 187.

"An Act providing for the service of process in civil suits on nonresident operators or nonresident owners, or a resident who becomes a nonresident and conceals his whereabouts, of vessels operated in the Commonwealth of Pennsylvania; and making the operation of such vessels in the Commonwealth of Pennsylvania, the equivalent of the appointment of the Secretary of the Commonwealth as the agent of the said nonresident upon whom civil process may be served; and providing for further notice to the defendant in any such suit.

"Service of process.

"The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

"Nonresident owners and operators of vessels make the Secretary of the Commonwealth their agent for service of process.

"Section 1.

"Any nonresident of this Commonwealth, being the owner or operator of any vessel, who shall accept the privilege, extended by the laws of this Commonwealth to nonresident operators and owners, of operating a vessel in the waters of this Commonwealth or of using its port facilities or ports, or both, or any resident of this Commonwealth who shall subsequently become a nonresident of this Commonwealth, being the operator or owner of any vessel in the waters of this Commonwealth, shall, by the operation of a vessel in the waters of the Commonwealth or of using its port facilities or ports, make and constitute the Secretary of the Commonwealth his agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States Courts in Pennsylvania against such operator or owner of such vessel arising out of, or by reason of, any accident or collision, occurring within the waters of the Commonwealth in which such vessel is involved.

"Force and effect of agency.
"Section 2.

"A nonresident operator, or owner, of a vessel which is involved in an accident or collision within the waters of this Commonwealth, shall be deemed to have consented that the appointment of the Secretary of the Commonwealth as his agent for the service of process, pursuant to the provisions of this act, shall be irrevocable and binding upon his personal representative, executor or administrator. Where the nonresident operator or owner of vessels has died, prior to the commencement of an action brought pursuant to this act, service of process shall be made on the personal representative, executor or administrator of such nonresident operator or owner of vessels in the same manner and on the same notice as is provided in the case of a nonresident operator or owner of vessels. Where an action has been duly commenced, under the provisions of this act by service upon a defendant who dies thereafter, if the personal representative, executor or administrator of such defendant does not voluntarily become a party he may be substituted as a party under the applicable Rules of Civil Procedure, and service of process shall be made in the same manner and on the same notice as is provided in the case of a nonresident operator or owner of vessels.

"Approved—The 10th day of November A.D.1959."

II.  Text of Pennsylvania Nonresident Motorist Act

Title 75 Purdon's Statutes, § 1201 (now § 2001): "Service of process in action against nonresident or absent owner or operator of motor

vehicle; constituting state official agent to accept service.

"(a) From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania, or any resident of this Commonwealth, being the licensed operator or owner of any motor vehicle under the laws of this Commonwealth, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of the Commonwealth of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved.

"(b) A nonresident operator, or owner, of a motor vehicle which is involved in an accident or collision within this Commonwealth, shall be deemed to have consented that the appointment of the Secretary of the Commonwealth as his agent for the service of process, pursuant to the provisions of this section, shall be irrevocable and binding upon his personal representative, executor or administrator. Where the nonresident motorist has died, prior to the commencement of an action brought pursuant to this section, service of process shall be made on the personal representative, executor or administrator of such nonresident motorist in the same manner and on the same notice as is provided in the case of a nonresident motorist. Where an action has been duly commenced, under the provisions of this section, by service upon a defendant who dies thereafter, if the personal representative, executor or administrator of such defendant does not voluntarily become a party, he may be substituted as a party under the applicable Rules of Civil Procedure, and service of process shall be made in the same manner and on the same notice as is provided in the case of a nonresident motorist." As amended 1956, Feb. 17, P.L. (1955) 1068, § 2.

III. "No Retroactivity" Decisions since 1927.

Kurland v. Chernobil, 1927, 260 N.Y. 254, 183 N.E. 380; Ashley v. Brown, 1930, 198 N.C. 369, 151 S.E. 725; Schaeffer v. Alva West & Co., 1936, 53 Ohio App. 270, 4 N.E.2d 720, 723; Gender v. Rayburn, Circuit Court of N.J., Essex County, 1937, 194 A. 441, 442, 15 N.J.Misc. 704, affirmed 119 N.J.L. 243, 195 A. 513; Hartley v. Utah Const. Co. [Oregon statute, Code 1930, § 55–402; Laws 1939, p. 1028], 9 Cir., 1939, 106 F.2d 953, 955; Zavis v. Warren [Wis. statute, St.1937, 1939, § 85.05(3)], D.C.E.D.Wis.1940, 35 F.Supp. 689; Green v. Brinegar, 1940, 228 Iowa 477, 292 N.W. 229; Fritchey v. Summar [Ark. statute, Ark.Stats. §§ 27–340, 27–341], D.C.W.D.Ark.1949, 86 F.Supp. 391; Johnson v. Baldwin, 1949, 214 S.C. 545, 53 S.E.2d 785, 787; Fidler v. Victory Lumber Co. [Fla. statute, F.S.A. §§ 47.29, 47.30], D.C.N.D.Fla.1950, 93 F.Supp. 656, 658; Hughes v. Lucker, 1951, 233 Minn. 207, 46 N.W.2d 497, 499; Sanders v. Paddock, 1951, 342 Ill.App. 701, 97 N.E.2d 600, 601; Monacelli v. Grimes, 1953, 9 Terry 122, 48 Del. 122, 99 A.2d 255, 267; Guerra De Chapa v.

Allen [Tex. statute, Vernon's Ann.Civ. St. art. 2039a], D.C.S.D.Tex.1954, 119 F. Supp. 129, 133; Cassan v. Fern, 1954, 33 N.J.Super. 96, 109 A.2d 482; Davis v. Jones, 1956, 247 Iowa 1031, 78 N.W.2d 6.

## IV. A Variety of Reasons for Such Results.

The catalogue of cases in Appendix III and text comprised interpretations of substituted service statutes of the following states: Arkansas, Delaware, Florida, Illinois, Iowa, Massachusetts, Minnesota, New Jersey, New York, North Carolina, Ohio, South Carolina, Texas, Utah and Wisconsin. That list is impressive when one considers that many statutes doubtless read "from and after" as does that of Pennsylvania and do not require interpretation in that respect.

(A) Rugg, C. J. for the court in Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445, 446:

" * * * It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." [citations omitted] "Tested by that principle, said chapter 431 does not authorize such service as was here attempted touching causes of action arising before it took effect. The essence of that statute is that the operation of a motor vehicle upon the highways of this commonwealth by a nonresident shall be 'deemed equivalent to the appointment by such nonresident of the registrar of motor vehicles' as his attorney for the service of all lawful processes in the specified actions and 'a signification of his agreement that any such process against him' so served 'shall be of the same legal force and validity as if served on him personally.' The statute thus imposes upon the nonresident operating a motor vehicle as there described the continual obligation of making the registrar of motor vehicles his agent for the limited purpose stated. *Such a contractual obligation relates to substantive rights and not merely to remedy.* [Emphasis added] It is manifest from the frame of the act that there was no intention on the part of the Legislature to attempt to ascribe such contractual obligation to acts committed before the statute became operative * *." 155 N.E. 447.

(B) Ashley v. Brown, 1930, 198 N.C. 369, 151 S.E. 725. See at page 727, esp.:

"Curative and remedial statutes which are necessarily retrospective must be given a retrospective operation unless the effect will be to disturb vested rights or to impair the obligation of contracts. 25 R.C. L. 790 et seq. But the statute under consideration is neither remedial nor curative; it imposes a contractual obligation and affects substantial rights. If construed as retrospective, it would confer upon the plaintiff a legal right where none before existed and deprive the defendant of his exemption from the service of process by the method therein prescribed."

(C) O'Brien, J. for the court in Kurland v. Chernobil, 1927, 260 N.Y. 254, 183 N.E. 380. After quoting the statute:—

" * * * The power thus conferred to effect lawful service of process, in an action in personam, upon a public officer designated as agent for one who may become a nonresident, rests solely on an implied consent that the operation of a motor vehicle on a highway of this state shall constitute an agreement that the service of such process shall possess the same validity as personal service upon defendant within the state. This agreement, of course, is not action, it is merely

constructive, and, in the absence of the statute creating the implication, no consent would be deemed to exist. When this defendant operated his car on our highways, certainly he did not in fact agree to vest the secretary of state with any power of agency for the receipt of service of process. At that time no presumption had been established, for the presumption exists only by reason of statutory enactment, and no statute applicable to persons of his class was then effective. Section 52–a must therefore be held to operate only prospectively and to relate exclusively to those who as residents use the highways of this state subsequent to the passage of the act * * *"

(D) Schaeffer v. Alva West & Co., 1936, 53 Ohio App. 270, 4 N.E.2d 720, 722, 723:

" * * * The nonresident could act under this section by operating his automobile in the state or refuse to so operate it. If he chose to operate his car within the state, he thereby designated the secretary of state as his agent * * * Such section, however, could not be retroactive in effect because the nonresident would not be amenable to its jurisdictional provision until after he had constituted the secretary of state his agent to accept service of process."

## V. The California Case Distinguished.

"The authorities uniformly hold that the nonresident motorist acts, and amendments thereto, providing for service of process on a nonresident absent from the state, similar to Vehicle Code, § 404, are not to be given retrospective application." Allen v. Superior Court, Cal.App. 1953, 251 P.2d 358, 363, 364.

Restatement in the Courts, 1954 ed., cites the foregoing case under Conflict of Laws § 87, as follows:

"Cit. in ftn. in sup. Statute providing for personal service and judgment against a nonresident where jurisdiction had been acquired by publication of summons, conferred personal jurisdiction where none existed before, and therefore *being substantive could not be construed retrospectively* to apply to automobile accident action brought before enactment of statute. Allen v. Superior Court, Cal.App., 251 P.2d 358, 364, subsequent opinion 259 P.2d 905, 41 Cal.2d 306." [Emphasis added.]

It is only fair to add that the aforesaid "subsequent opinion" reversed the lower court opinion summarized in the quotation. The supreme court of California, however, merely determined that the statute in question operated as a *restriction* on the process and jurisdiction of the California Courts and for that reason "may reasonably apply to pending as well as future litigation. *In this respect it is not to be regarded as a retroactive law* * * *" [259 P.2d 909, 41 Cal.2d 306]

In fact, the statement of the lower court in that case quoted at the beginning of this section of the appendix ("the authorities uniformly hold * * * not * * * retroactive * * *") seems completely borne out by this Court's independent research. An annotation discussing Process as to Nonresident *Motorists* catalogues state cases under the following conservative statement: "The question whether a particular person was subject to a constructive service of process under statutes relating to service on nonresident motorists has occasionally depended on whether or not the statute should be given retroactive application. Such application has usually been denied." 53 A.L.R.2d 1175. The only cases found in which "such application" has not been denied, however, are situations which really strengthen and highlight the no-retroactivity rule, as demonstrated by the cases cited in Appendix XII infra.

## VI. Statutory Construction; Statute and Basic Law.

"Words in a statute ought not to have a retrospective operation, unless they are so clear, strong and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied." (Paterson, J.) " * * * it being unreasonable, in my opinion, to give the law a construction, which would have such a retrospective effect, unless it contained express words to that purpose." (Cushing, J.) United States v. Heth, 1806, 3 Cranch 399, 413, 7 U.S. 399, 413, 2 L.Ed. 479, 483. In fact, all cases consulted in searching the law applicable to the instant case contained language to that same effect.

## VII. Presumption that Preexisting Statutory Constructions are Accepted with Prototype Acts.

Ashley v. Brown, 1930, 198 N.C. 369, 151 S.E. 725, 728:

" * * * While the decisions of one state are not conclusive on the courts of another, there is an established principle to the effect that, 'where a statute is adopted from another state or country, and the same has been construed by * * * such state or country, it is the general rule that the statute is to be held to have been adopted with the construction so given to it, and particularly where the statute itself does not express any intention to the contrary.' People v. Northern Trust Co., 289 Ill. 475, 124 N.E. 662, 665, 7 A.L.R. 709, cited in Wachovia Bank & Trust Co. v. Doughton, 189 N.C. 50, 126 S.E. 176. See Harvard Law Review, Feb. 1930, note, page 623."

## VIII. Legislative Rules as to Service of Process: Strict Construction.

Rigutto v. Italian Terrazzo Mosaic Co., D.C.W.D.Pa.1950, 93 F.Supp. 124; Williams et ux. v. Meredith, 326 Pa. 570, 572, 192 A. 924, 115 A.L.R. 890; Wolfe v. Asher, 1954, 1 Pa. Dist. & Co. R.2d 662, 664.

## IX. No Anticipation of Constitutional Questions.

Webb v. United States, D.C.E.D.Pa. 1957, 21 F.R.D. 251, 257:

"For over a century the United States Supreme Court has discouraged the anticipation of constitutional questions. Peters v. Hobby, 1955, 349 U.S. 331, 338, 75 S.Ct. 790, 99 L.Ed. 1129; Charles River Bridge v. Warren Bridge, 1837, 11 Pet. 420, 553, 36 U.S. 420, 553, 9 L.Ed. 773."

## X. Dubious Constitutionality of Retroactive Acts.

Guerra De Chapa v. Allen, D.C.S.D. Tex.1954, 119 F.Supp. 129, 133:

"Also, to hold the amendment retroactive would raise grave doubts as to its constitutionality. A number of cases from other jurisdictions (n. 12) have applied amendments prospectively. They did not, however, contain provisions making them applicable, as here, to actions 'now pending or hereafter instituted'. But in each of those cases grave doubts were expressed as to the validity of such a retroactive provision. [citing in n. 12] Hartley v. Utah Const. Co., 9 Cir., 106 F.2d 953; Sanders v. Paddock, 342 Ill. App. 701, 97 N.E.2d 600; Schaeffer v. Alva West & Co., 53 Ohio App. 270, 4 N.E.2d 720; Kurland v. Chernobil, 260 N.Y. 254, 183 N.E. 380; Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445; Hughes v. Lucker, 233 Minn. 207, 46 N.W.2d 497. Cf. also Duggan v. Ogden, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765, holding that certain amendments providing additional methods of service were procedural and retroactive; but expressing doubt as to whether the legislature could constitutionally make a statutory power of attorney retroactive."

XI. Procedure vs. Substance; Restatement of Conflict of Laws.

American Law Institute, Restatement of the Law of Conflict of Laws, 1934

"§ 84 *Jurisdiction over One Who Acts in State.*

"A state can exercise through its courts jurisdiction over an individual who has done an act within the state, as to a cause of action arising out of such act, if, *by the law of the state at the time when the act was done,* a person by doing the act subjected himself to the jurisdiction of the state as to such cause of action." [Emphasis added.]

idem. 1948 supplement

"§ 84 *Jurisdiction Over One Who Does Acts or Owns Things in a State*

"A court by proper service of process may acquire jurisdiction over an individual not domiciled within the state who does acts or owns things in a state which are of a sort dangerous to life or property, as to causes of action arising out of such acts or such ownership, *if a statute of the state so provides at the time when the cause of action arises.*" [Emphasis added.]

"Special note: * * * When the Restatement of Conflict of Laws was formulated * * * not even Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, was decided. * * *"

Restatement of the Law Second. Tentative Draft No. 3. April 19, 1956

"§ 84 *Act Done or Caused to Be Done.*

"A state has judicial jurisdiction over an individual who has done, or caused to be done, an act which either took place in the state or resulted in consequences in the state for the purposes of any cause of action arising out of the act within limitations of reasonableness appropriate to the relationship derived from the act.

"Illustrations:

"1. A, who is domiciled in state X, injures B while driving his automobile in state Y. *If a Y statute so provides at the time of the injury,* Y can exercise judicial jurisdiction over A and entertain in its courts B's action against him. [Emphasis added.]

"f. *Operation of motor vehicles.* * * * Every state provides by statute for the exercise of judicial jurisdiction in certain circumstances over a nonresident motorist * * * Such a statute may be constitutionally applied *if it is in effect when the vehicle is operated* within the State * * *" [Emphasis added.]

XII. Changes within Substituted Service Statutes which are Procedural

Zavis v. Warren, D.C.E.D.Wis.1940, 35 F.Supp. 689, 691:

The Wisconsin nonresident motorist act was changed after the accident to transfer the former duties as to such motorists to the newly-created office of Commissioner of Motor Vehicle Department. The court upheld service under the statute as amended saying:

"The nonresident defendant did not have any substantive right requiring process to be served upon the Secretary of State rather than upon the Commissioner of the Motor Vehicle Department. In either event he would receive exactly the same notice of the commencement of the action. The designation of the State official was a matter of procedure which was within the power of the Legislature. The plaintiff herein followed that procedure which was provided by the law which was in force at the time that this action was commenced. The defendant was in no way prejudiced * * *"

See also Duggan v. Ogden, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 765; Green v. Brinegar, 1940, 228 Iowa 477, 292 N.W. 229.